### REX CREDIT CO., Inc., v. LONG et al.
### No. 15090.

Court of Appeal of Louisiana. Orleans.
Feb. 18, 1935.

Arthur B. Leopold, of New Orleans, for appellant.

H. M. Ansley, of New Orleans, for appellee.

LECHE, Judge.

The Rex Credit Company, Inc., filed this suit as the holder and owner of a promissory note reading in part as follows:

"New Orleans, La., May 9, 1931.
"Amount of Note $275.00

"For Value Received, we the makers, signers, endorsers, guarantors, sureties, and each of us jointly, severally, and in solido, promise to pay to the order of Rex Credit Company, Incorporated.

Two Hundred & Seventy-Five Dollars
(Exact amount of loan)

with 3½ per cent. interest per month from date on the unpaid balance until paid, and to pay said rate of interest per month on the unpaid balance after maturity until paid, payable at the office of any Bank, Banker, Trust Company, Firm, Person, or Corporation, in New Orleans, Louisiana,

in    10    installments of $27.50 each and,
(Number)

——— installments of $——— each on the
(Number)

9th    day of each    month
(Date of week or month)    (week or month)

following the date of this note, until the whole amount of this note shall have been fully paid."

The note is signed by Edna Long, George Blanchard, and Philip W. Huth. The suit is for the alleged balance due in the sum of $149.11, with 3½ per cent. interest from July 23, 1934, until paid, and judgment in this amount is prayed for against Edna Long and Philip W. Huth in solido. No answer being filed by Edna Long, judgment by default was rendered against her from which she has not appealed. Huth excepted to the petition on the ground that Blanchard's succession was a necessary party to the litigation, and, reserving his rights under the exception, filed an answer alleging payment in full, or a substantial reduction in the amount claimed, by Blanchard's succession.

Judgment was rendered in favor of Huth dismissing plaintiff's suit as to him, and plaintiff has appealed.

It appears that there was a chattel mortgage covering certain furniture in the possession of Edna Long. On July 13, 1933, a written agreement was entered into between plaintiff and Edna Long, reading in part as follows: "I hereby declare that all the articles described below belong to me and are fully paid for, and that there are no other claims or liens against them: except the Chattel Mortgage in favor of the Rex Credit Co., Inc.,

and on which there is still a balance due of $214.38 with interest from May 4, 1934. I hereby transfer and deliver said property and authorize same to be sold at private sale by the Rex Credit Co., Inc., on such terms and conditions as said company may see fit and proper, all proceeds of sale to be applied on my account."

Following this is a description of the furniture. Pursuant to this agreement the furniture was sold and the proceeds of the sale applied to the account, thereby reducing it to the sum sued for. Huth was not a party to this agreement, but benefited by the reduction of the account in so far as this suit is concerned.

■ The face of the note also reads in part as follows: "Failure to pay any installment of this note, or to fulfill any of the obligations herein undertaken, shall ipso facto without demand or notice, mature all remaining installments on this note, together with interest, costs and attorney's fees as hereinafter set out. The *makers of this note* and the *endorsers, guarantors* and *sureties* hereon, hereby severally waive presentment for payment, demand, notice of non-payment, protest and all pleas of division and discussion, and agree that the time of payment hereof may be extended from time to time, one or more times without notice of such extension or extensions and without previous consent, hereby *binding themselves in solido*, unconditionally and as original promisors, for the payment hereof, in principal, interests, costs and attorneys' fees." (Italics ours.)

Huth was *primarily* liable on the face of the instrument. Act No. 64 of 1904, § 192; Central Finance Co., Inc., v. Martin (La. App.) 157 So. 149. Furthermore, he was bound in solido with his comakers under the terms of the note.

In the case of Jacobs v. Williams, 12 Rob. 183, the court said: "We understand that solidarity exists in the meaning of the Code, when several persons bind themselves towards another for the same sum, at the same time, and in the same contract; and so obligate themselves, that each may be compelled to pay the whole debt, and that payment made by one of them exonerates the others towards the creditor; and the obligation thus contracted is one, in solido, although one of the debtors be obliged differently from the others to the payment of one and the same thing; as, if the one be but conditionally bound, while the engagement of the others is pure and simple, or if the one is allowed a term which is not granted to the others."

And, after citing Toullier, the opinion continues: "When, says this author, several debtors bind themselves for the same debt, in the same contract, they create among themselves a kind of partnership as regards that debt; they mutually charge each other by a tacit, yet real proxy to pay it."

Therefore, being bound in solido with his comakers, Huth is bound for the payment of the whole debt or such part of it as remains unpaid, and the record shows the unpaid balance to be $149.11.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Rex Credit Company, Inc., and against defendant Philip W. Huth in solido with Edna Long, previously condemned in the default judgment rendered by the First city court on the 29th day of August, 1934, from which no appeal was taken, in the sum of $149.11, together with 3½ per cent. interest per month from July 23, 1934, until paid, and for all costs of this proceeding.

Reversed.