5 So.2d 324

SOUTHLAND INV. CO., Inc., v. MOTOR SALES CO. et al.

No. 36030.

Nov. 3, 1941.

Rehearing Denied Dec. 1, 1941.

J. B. Crow, of Shreveport, for plaintiff and appellant.

Turner B. Morgan, of Shreveport, for defendants and appellees.

FOURNET, Justice.

The Southland Investment Company, Inc., a finance company doing business in Shreveport, Louisiana, instituted this suit to recover a judgment in the sum of $7,-824.43 (together with interest and attorney's fees) against the Motor Sales Company, L. M. Stevens, and Mrs. L. M. Stevens, jointly and in solido, being the amount alleged to be due on a number of notes endorsed by the defendants and acquired from them in due course by the plaintiff.

For cause of action the plaintiff alleged that the Motor Sales Company is a commercial partnership composed of L. M. Stevens and his wife and is engaged in the business of selling new and used automobiles in Haynesville; that it (plaintiff) purchased notes given the defendants as

part payment of the purchase price of automobiles during the years 1936, 1937, and 1938, which notes, secured by chattel mortgage and vendor's lien on the cars purchased, were endorsed by the defendants; that some 58 persons whose notes were so acquired by the plaintiff defaulted in their payments; that the plaintiff, pursuant to an agreement had with the defendants, repossessed these respective automobiles, 34 (listed and described in a statement made a part of the record and marked Exhibit A) being sold at private sale and the proceeds thereof (after deduction of the costs incidental to the sale) applied toward the liquidation of the obligation on the respective unpaid notes, the aggregate amount remaining due thereon being $3,617.50; and that the remaining 24 automobiles (listed and described in a statement made a part of the record and marked Exhibit B) are still in the possession of the plaintiff, the balance due thereon being $4,206.93.

The defendants filed exceptions of no cause and no right of action, of vagueness, and of improper articulation. On the merits they answered generally denying the allegations of plaintiff's petition and then, assuming the position of plaintiffs in reconvention, sought to recover a judgment against the Southland Investment Company, Inc. (plaintiff in the main demand), in the amount of $8,475.28, which amount they alleged was withheld out of the proceeds of the sales of the notes acquired by the investment company from them during the years 1935, 1936, 1937, and 1938 without any accounting therefor. In the alternative the plaintiffs in reconvention pleaded this amount in compensation of or as an offset to any judgment that might be rendered against them on the main demand.

The trial judge rendered judgment against the Motor Sales Company and L. M. Stevens, individually, in the sum of $3,617.50, but maintained the defendants' plea in compensation, offsetting this amount with the funds held by the plaintiff as a reserve; non-suited the plaintiff's claim for $4,206.93; and taxed the costs equally between the plaintiff and the said defendants.

The plaintiff has appealed and the defendants, answering the appeal, complain that the judgment against L. M. Stevens is incorrect.

The facts of this case, as revealed by the record, show that the defendant Motor Sales Company, a company engaged in the business of buying and selling new and second-hand automobiles, entered into an agreement with the Southland Investment Company, Inc., whereby the sales consummated by the defendant company were refinanced by the investment company's purchase of the notes given to the defendant company in part payment of the automobiles purchased from them. Under this agreement the plaintiff was to reserve a portion of the amount paid for the notes in order that a fund might be accumulated to offset any loss the plaintiff might incur through these transactions. The plaintiff was charged with the duty of repossessing any cars upon which the installments were not paid and of turning them over to the defendant company within 90

days. It was understood that the defendants' liability, irrespective of the unconditional endorsement on the back of the notes, would only begin when these repossessed cars were so turned over to them.

This court has expressed some doubt as to whether or not Act No. 283 of 1928 permits a husband and wife to contract with each other (Shell Petroleum Corp. v. Calcasieu Real Estate Co., 185 La. 751, 170 So. 785; see, also, 9 Tulane Law Review 102; and 1 Louisiana Law Review 427), but we find it unnecessary to pass upon this point in disposing of the plaintiff's contention that the Motor Sales Company is a commercial partnership composed cf L. M. Stevens and his wife, Mrs. Minnie Lee Stevens, for the facts of this case, as disclosed by the record, unmistakably show that no such contract existed between Mr. Stevens and his wife.

The defendants contend that inasmuch as the automobiles repossessed and sold by the plaintiff, referred to and described in Exhibit A, were made at private sale and without benefit of appraisement, the debt became satisfied and discharged under the provisions of Act No. 28 of 1934 and that they (defendants), being secondarily liable on the instruments, were also relieved of any further liability thereon under Section 120 of Act No. 64 of 1904.

By the provisions of Act No. 28 of 1934, the legislature declared as a public policy of this state that "where any mortgage or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered

property, whether the same be real or personal, or of both characters; and the proceeds of such sale are insufficient to sat-. isfy the debt for which said property is sold, said debt shall nevertheless stand fully satisfied and discharged, and such mortgage or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in no manner whatsoever." Section 1.

Unquestionably this act was enacted for the benefit and protection of the mortgage debtor and, ordinarily, under the express provisions of Act No. 64 of 1904 (known as the Negotiable Instruments Act) "A person secondarily liable on the instrument is discharged * * * By any act which discharges the instrument * * *." Section 120. According to the record as made up in this case, however, the cars listed and described in Exhibit A were repossessed and sold by the plaintiff at private sale for the best price obtainable with the consent and acquiescence of the defendants, for the best interest of all parties concerned. Under these circumstances we are of the opinion that the defendant is liable to the plaintiff for any amount remaining unpaid on the notes defendant transferred to it under the transactions listed in Exhibit A, which, as shown by the record, is $3,617.50.

The remaining $4,206.93 sued for represents the amount due on the 24 automobiles described in Exhibit B. These cars have been repossessed by the plaintiff but have never been turned over to the defendants. According to the terms of

the agreement under which the plaintiff and the defendants were operating, the defendants did not become liable on delinquent notes transferred by them to the plaintiff until the cars sold were repossessed by the plaintiff and turned over to them. Consequently, plaintiff's suit, in so far as its demand on the 24 notes listed in Exhibit B is concerned was premature and properly dismissed by the trial judge as of nonsuit.

We now pass to the defendants' reconventional demand.

■ According to the testimony of the plaintiff's witness W. M. Thomas (secretary, treasurer and director of the investment company), the funds withheld by the plaintiff when the notes were purchased from the defendants were to be set aside as credits on plaintiff's books to compensate it for any loss that might be incurred in any of these transactions. According to the plaintiff's own statement the total amount accumulated in this fund over a period of years amounted to $9,717.43. Losses made good from this fund from time to time amounted to $5,917.63, showing that at the time of the filing of this suit there remained in the fund a balance of $3,799.80. It necessarily follows that as long as the plaintiff has any outstanding claims against the defendants exceeding this amount, the defendants are not entitled to any part thereof.

We are of the opinion, however, that under the agreement between the parties, the defendants are entitled to have the funds held in reserve by the plaintiff used to compensate or offset the losses incurred as they arise. This would include the loss reflected in Exhibit A in the record, or the amount of $3,617.50.

The defendant Stevens in his answer to the appeal complains that the judgment of the trial judge is incorrect in so far as it taxes him with half of the costs in the lower court.

Under the mandatory provisions of Article 549 of the Code of Practice costs must be paid by the party cast in every case "except where compensation has been allowed."

■ In the instant case the amount for which the defendants were held liable to the plaintiff has been offset and compensated by the fund especially reserved for that purpose. The plaintiff was non-suited as to the remainder of its claim. Consequently the defendants have not been cast in this case and should not have been cast for cost. The judgment of the lower court must, therefore, be amended to that extent.

For the reasons assigned, the judgment of the lower court is amended so as to tax all of the costs against the plaintiff and, as thus amended, it is affirmed. Costs of this appeal are to be borne by the appellant.