178 So.2d 291 (1965)
A. J. GUMINA
v.
Peter T. DUPAS et al.
No. 1919.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1965.
Rehearing Denied September 27, 1965.
Writ Refused November 9, 1965.
*292 John M. Holahan, New Orleans, for Ralph Dupas.
Sidney Goldman, Herman & Herman, David L. Herman, New Orleans, for A. J. Gumina.
*293 Before SAMUEL, CHASEZ and BARNETTE, JJ.
SAMUEL, Judge.
This is an appeal by Ralph Dupas (hereinafter referred to as "appellant") from a judgment on the merits dismissing his suit to annul a deficiency judgment previously rendered against him. The matter has been before this court on one other occasion, Gumina v. Dupas, La.App., 159 So.2d 377, an appeal taken from a judgment maintaining an exception of no cause of action. On that occasion we reversed and remanded on the ground that the petition alleged no appraisement of the property had been made prior to its sale under executory process and, the allegation being accepted as true for the purpose of passing on the exception, a deficiency judgment is void ab initio when based on a judicial sale made without appraisement under the provisions of LSA-R.S. 13:4106 and 4107.
The facts are not in dispute. Mr. and Mrs. Peter T. Dupas, parents of appellant, mortgaged certain real estate owned by them. The mortgage contained the usual pact de non alienando and confession of judgment. By intervention in the act of mortgage, appellant expressly obligated himself in solido with the mortgagors for the payment of the full amount of the indebtedness represented by the mortgage note. Appellant and his parents signed the mortgage note and a collateral hand note, each for $4,127.57, as makers. Subsequently, as a result of a failure to pay installments due, and after one such sale had been stopped by the plaintiff when he received a payment on the indebtedness from appellant, the mortgaged property was sold under executory process instituted by plaintiff as holder of the notes. Appellant and his parents are referred to as defendants in the petition for executory process.
The amount realized from the sale was insufficient to satisfy plaintiff's claim and on July 28, 1961 he filed a petition against Peter T. Dupas and appellant seeking judgment for the balance due. On August 3, 1961 appellant was duly cited and served in that suit. On September 15, 1961 appellant filed a petition in bankruptcy. He received his discharge in bankruptcy on December 18, 1961. On December 14, 1961, four days prior to the date of the discharge, a preliminary default was entered against appellant in the suit for a deficiency judgment. On December 17, 1962, one year after the date of the discharge, the preliminary default was confirmed and the judgment was rendered. Appellant did not file any pleadings or make any appearance in the suit for a deficiency judgment prior to the filing of his petition for nullity, nor was that proceeding for a deficiency judgment ever stayed or restrained by the bankruptcy court.
The schedule and discharge in bankruptcy were offered in evidence by appellant during the course of the trial of his suit to annul. Objection was made to the schedule on the ground that the same was not certified; no objection was made to the discharge which was certified. The trial court maintained the objection as to the schedule but gave counsel for appellant an opportunity to have the schedule properly certified and then placed in evidence. We are unable to find either the schedule or the discharge in the record. However, appellant's counsel informs us that the debt here involved was listed on the schedule as a deficiency judgment and appellee does not contend otherwise. In view of the conclusion we reach and of the fact that the information referred to is more favorable to appellant, we accept that information as correct for the purposes of this opinion and decree.
The petition for nullity, filed on May 24, 1963, alleges the sale under executory process was made without appraisement and that no service of any kind was made upon appellant in the executory proceeding. The petition also alleges the bankruptcy proceeding and discharge. In this court, in addition to the question of whether or not an appraisement of the property actually was made prior to the sale, appellant contends:
*294 (1) the judgment sought to be annulled was rendered improperly because of the proceeding and discharge in bankruptcy, which discharge also bars execution of that judgment; (2) the executory proceeding was improper in that appellant was not served with a notice of demand or seizure; and (3) the judgment sought to be annulled was void ab initio because appellant was not served with a written notice directing him to name an appraiser in connection with the judicial sale of the mortgaged property as, it is argued, is required by LRS-R.S. 13:4363.
The record establishes beyond any doubt that the property in question was sold with appraisement. With the single exception of the fact that the sheriff's return on the writ did state appraisal had been waived, and this statement obviously was made in error, the record is devoid of any evidence to the contrary. The deputy sheriff who prepared the return testified she had made an error, the petition for executory process prays for an appraisal, the sheriff's deed itself shows the property was appraised, the oaths and appraisements of the two appraisers are in the record, one of the appraisers testified he had made the appraisement and it was admitted by counsel for appellant that the testimony of the other appraiser, who was present in court at that time, would have been to the same effect.
We are of the opinion that appellant's first contention, that the deficiency judgment should not have been rendered because of his proceeding and discharge in bankruptcy, is not well founded. A discharge in bankruptcy is neither payment nor an extinguishment of the debts discharged; it is simply a bar to their enforcement by legal proceedings. Helms v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367; Robinson v. Exchange Nat. Bank of Tulsa, D.C.Okl., 28 F.Supp. 244. Under LSA-C.C.P. Art. 1005 the discharge is an affirmative defense which must be set forth in the answer. And where jurisdiction has been acquired by a state court before the filing of a petition in bankruptcy, the bankruptcy proceedings do not terminate an ordinary action to which the bankrupt is a party already pending in the state court or deprive that court of jurisdiction; the state court having jurisdiction of the action may proceed to judgment, despite the bankruptcy proceedings, unless the bankruptcy court exercises its power to issue a stay or restraining order. Norton, Assignee v. Switzer, 93 U.S. 355, 23 L.Ed. 903; New Orleans Compress Co. v. Katz, 185 La. 723, 170 So. 244; Henry v. Roque, La.App., 18 So.2d 917; 9 Am.Jur.2d Bankruptcy § 58.
In the instant case the suit for a deficiency judgment had been filed and appellant had been cited and served in that suit more than a month before he filed his petition in bankruptcy: The deficiency judgment was rendered one year after appellant received his discharge in bankruptcy. No stay or restraining order was ever issued to prevent the plaintiff in the deficiency judgment suit from proceeding to judgment. And despite the fact that he had a year in which to do so, appellant never pleaded his discharge.
Appellant's second contention, relative to the fact that he was not served with a notice of demand or a notice of seizure is factually correct. Such notices were served on both of appellant's parents, the sole and only owners of the property, but were not served on the appellant. The simple answer to this contention is found in Code of Civil Procedure Articles 2001, 2002 and 2004, which read as follows:
"Grounds in general
The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006." LSA-C.C.P. Art. 2001.
"Annulment for vices of form; time for action
*295 A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law;
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time." LSA-C.C.P. Art. 2002.
"Annulment for vices of substance; peremption of action
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." LSA-C.C.P. Art. 2004.
Appellant was duly cited and served with process in the suit for a deficiency judgment. He has not pointed out to us, nor do we find, any grounds on which the alleged invalidity of that judgment can be based. Therefore, appellant is not a defendant "against whom a valid judgment by default has not been taken" under the above quoted Article 2002. And it is clear that a lack of service of notices of demand and seizure on him in the executory proceeding does not come within the purview of any of the grounds for nullity contained in Article 2002. The grounds for nullity enumerated in that article are exclusive as to vices of form (LSA-C.C.P. Art. 2002, Comment (e); Accardo v. Dimiceli, 226 La. 435, 76 So.2d 521), and the record is devoid of any allegation or proof that the judgment sought to be annulled was obtained by fraud or ill practices. In this action of nullity appellant cannot attack the validity of the deficiency judgment on the ground he was entitled to but did not receive notices of demand and seizure in the executory proceeding.
We are also of the opinion that appellant's final contention, relative to the default judgment being void because he was not served with a notice to name an appraiser, is not well founded. The contention is based on the following statutory provisions: LSA-R.S. 13:4106, the pertinent portion of which provides that when "a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, moveable, immoveable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor."; LSA-C.C.P. Art. 2771, which states that a deficiency judgment may be obtained by the creditor against the "debtor" only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723, which latter article provides that in the absence of a waiver of appraisal the property must be appraised "in accordance with law"; and LSA-R.S. 13:4363, providing that, before selling seized property, the sheriff shall serve a written notice on the "debtor" and on the seizing creditor, directing each to name an appraiser to value the property. Appellant argues that, because he is a co-maker of the notes and a debtor in solido, the failure to serve him with a notice to name an appraiser resulted in the mortgaged property being sold without appraisement insofar as he is concerned.
As stated by the Supreme Court in Southland Inv. Co. v. Motor Sales Co., 198 La. 1028, 5 So.2d 324, LSA-R.S. 13:4106, the deficiency judgment statute, was enacted for the benefit and protection of the mortgage debtor. The statute, particularly *296 where it refers to a mortgagee or other creditor taking advantage "of a waiver of appraisement of his property, moveable, immoveable, or both, by a debtor" is concerned with the debtor's property and appraisement, or absence thereof, as the same affects him as an owner of the property. In the instant case the property was appraised and sold after appraisement. Peter T. Dupas, defendant in the suit for deficiency judgment with appellant, who was an owner of the mortgaged property and who was served with a notice to name an appraiser, is not afforded protection by the statute against the deficiency judgment. To hold that the appellant, a debtor in solido but not an owner of the property, must be served with a notice to name an appraiser, under penalty of relieving him from any deficiency judgment despite the fact that an owner of the property is not so relieved, would result in extending the statute far beyond its intended purpose. We hold that, in order to obtain a valid deficiency judgment against appellant, it was not necessary to serve him with a notice to name an appraiser in the executory proceeding and sale thereunder. We note that LSA-C.C.P. Art. 2771, comment (a), states that no change in the law (the deficiency judgment statute) is effected by the article and, insofar as is here pertinent, that LSA-C.C.P. Arts. 2771 and 2723 together are simply to the effect that a deficiency judgment can be obtained after the sale of property under executory proceeding only in the event that the property has been appraised "in accordance with law".
It is regrettable that appellant's discharge in bankruptcy was to no avail insofar as the present debt is concerned. But because his discharge was not timely pleaded, we cannot decide in his favor. As has been pointed out, there is no allegation or proof of fraud or ill practice, and appellee was within his legal rights in proceeding to judgment.
The judgment appealed from is affirmed.
Affirmed.