293 So.2d 261 (1974)
CHRYSLER CREDIT CORPORATION
v.
Mrs. Anne B. BREAUX and W. D. Atkins, Jr., et al.
No. 9615.
Court of Appeal of Louisiana, First Circuit.
February 1, 1974.
Rehearing Denied March 22, 1974.
Writ Refused May 17, 1974.
*263 Clement Story, III, Lafayette, for W. D. Atkins, Jr.
Ashby W. Pettigrew, Jr., Houma, for Mrs. Anne B. Breaux, and others.
Roger B. Jacobs, New Orleans, for appellee.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
CRAIN, Judge.
The matter before us involves a suit for deficiency judgment by the plaintiff-appellee, Chrysler Corporation against Ira J. Breaux and the defendant-appellants, Anne B. Breaux and W. D. Atkins, Jr. The trial was held on February 19, 1973 and judgment in favor of Chrysler Credit Corporation was rendered. From this decision, the appeal is taken.
The record reflects that on July 18, 1969, suit for executory process was initiated by Chrysler Credit Corporation against Ira J. Breaux, the maker of a certain note in favor of Chrysler Credit Corporation, and Anne B. Breaux, a co-signer on the note. The suit was brought to effect a seizure on a 1968 Plymouth automobile owned by Ira J. Breaux upon which he had granted a chattel mortgage to Chrysler Credit Corporation. Judgment was rendered authorizing the issuance of a writ of seizure commanding the Sheriff to take into his possession the Plymouth automobile.
The demand for payment was waived by the debtor and therefore was not served prior to the seizure. The writ of seizure and sale together with the original petition initiating the executory process was served personally on Ira J. Breaux and was allegedly served by domiciliary service on Anne Breaux. The automobile was duly advertised, appraised, and sold at a judicial sale August 20, 1969. The automobile was appraised at $2,100.00 and was bought in by Chrysler Credit Corporation for $1,400.00.
On September 29, 1969, Chrysler Credit filed a deficiency judgment suit against Ira J. Breaux and Anne B. Breaux and on March 30, 1970 the suit was amended to include as a party defendant W. D. Atkins, another co-signer on the note.
The defendants all answered the suit. The maker, Ira Breaux, alleged his discharge in bankruptcy. The other defendants filed motions for summary judgment which were in due course denied. The trial was held on February 19, 1973 and the deficiency judgment was granted. Anne Breaux and W. D. Atkins, Jr. have appealed.
The appellants' claim that the appellee's failure to notify, cite, serve, inform, or make demand on them in the executory process proceedings preclude the appellee from securing a deficiency judgment against them. Appellant, Atkins, in addition contends that the failure of the appellee to join him as a party defendant in the executory process precludes a suit for deficiency against him. Anne Breaux additionally contends that although the record contains a Sheriff's return showing that she was served by domiciliary service, the service was effected by giving a copy of the petition and notice of seizure to Ira J. Breaux at his home. She further claims that she was not living with Breaux, and in fact had established residence in another parish so that the service was invalid placing her in a position to also assert the claimed deficiency of having not been made a party defendant in the original suit for executory process. Appellants contend that the alleged failures preclude the action for deficiency judgment against them under state law, and secondarily that if the procedure followed by the appellee is valid under state law, it is in contravention of the fourteenth amendment to the United States Constitution under decisions handed down by the United States Supreme Court.
We perceive the issue presented for us to be whether the failure to name an accommodation endorser as a party defendant in executory process proceedings on a note and chattel mortgage and the lack of service of notice of the proceedings, *264 whether in the form of a demand for payment or notice of seizure, precludes the suit for deficiency judgment against them. The appellants' contentions must be first considered under existing state law and in light of Fuentes, et al. v. Shevin, et al., 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
Under our statutory law and jurisprudence a debtor may oppose the suit for deficiency judgment if the property secured was sold without appraisal or if the executory process proceedings were fatally defective so that no deficiency judgment could be based upon them. The record in this case reveals that there was in fact an appraisal and therefore this defense is not available to the appellants.
The second defense raised under Louisiana law is that because of the lack of notice, and in the case of Atkins, the failure to name him as party defendant in the executory process suit, the defendants were deprived of the ability to protect their interest as regards cost and security. This deprivation, it is contended taints the executory process with illegality insofar as they are concerned and therefore no deficiency judgment against them can be based thereon. We agree with the trial court that the executory process as conducted in this case was valid.
The relationship of the appellants to the appellee was that of accommodation endorsers on Breaux's note and as such they agreed to become solidarily liable with him for its payment. Under the statutes and codal provisions regarding solidary liability, the creditor is allowed to proceed against each solidary obligor separately for the full amount of the indebtedness. When one solidary obligor is sued, the other solidary obligors are not necessary parties to the lawsuit. Campbell v. Libersat, 203 So.2d 730 (La.App. 3rd Cir. 1967). In fact it has been held that the creditor may proceed against all solidary obligors in separate suits at the same time. Polk Chevrolet v. Vicaro, 162 So.2d 761 (La.App. 1st Cir. 1964). We have not been shown any obligation imposed on the creditor to give each solidary obligor notice when one of them is sued.
The Louisiana executory process proceeding allows a creditor to effect a judicial seizure and sale of mortgaged property without the necessity of first obtaining a judgment against the debtor. Buckner v. Carmack, 272 So.2d 326 (La.S.Ct. 1973). In return for this procedural right given to the creditor, the law imposes upon him certain requirements which must strictly and rigidly be adhered to such as the evidence required to support the initiation of the proceeding. This includes service of notice of the demand for payment unless it is waived and service of the notice of seizure which is mandatory and not capable of being waived. In the case before the court, service of these notices was not effected on the accommodation endorsers. Consequently, the question arises as to whether the term debtors as used in the executory process articles includes accommodation parties on a promissory note who have no interest in the property under mortgage. We hold that it does not.
In the case of Polk Chevrolet, Inc. v. Vicaro, supra, one Vince Vicaro co-signed a note for his son, Samuel, in order to accommodate him in his purchase of an automobile. Samuel Vicaro gave a chattel mortgage on the car as security for his payment of the note. He later defaulted and the car was seized and duly sold. Vince Vicaro was not notified or named defendant in the executory process suit. Later a deficiency judgment suit was filed against both persons. Vince Vicaro then attempted to have the judgment set aside on the grounds that he should have been named a defendant and notified in the foreclosure proceedings. In considering these arguments this court held as follows:
"Defendant next contends he was merely an accommodation maker or surety on the original note which was secured by a chattel mortgage and privilege on an automobile. *265 In this regard defendant argues his obligation was secondary and entitled him to subrogation to the creditor's rights, including the chattel mortgage and privilege, upon satisfaction of the debt secured thereby. On this premise, defendant reasons that plaintiff, by proceeding against the principal obligor alone and executing against the mortgaged property, deprived him of his subrogation rights thereby entitling defendant to be discharged from the obligation.
The issue thus presented is controlled by the provisions of LSA-R.S. 7:29 which defines and fixes the liability and accountability of an accommodation maker as follows:
`S 29. Accommodation party; liability
`An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.'
An accommodation maker on a note is primarily liable to the same extent as a maker who receives value ...
Under circumstances analogous to those in the case at bar, it has been held that a co-maker is not discharged. Thus in Rex Credit Co. v. Long, La.App., 159 So. 359, where movable property mortgaged to secure a note was transferred to a creditor for private sale with the proviso the proceeds would be applied to the indebtedness, a co-maker bound in solido but not a party to the chattel mortgage given to secure the note, was held liable for the remaining unpaid portion of the debt. Defendant herein, though an accommodation maker, is nevertheless a primary obligor and is liable for the unsatisfied portion of the debt to the same extent as the maker for value.... In the present matter there has been no release by plaintiff nor illegal conventional repossession and sale. On the contrary, plaintiff proceeded against the mortgaged property in due course and form inasmuch as the mortgaged property was seized and sold by judicial process, with appraisal. Under such circumstances plaintiff was entitled to proceed against any or all of the solidary obligors to collect the resulting deficiency."
In the case of Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir. 1965), the co-maker was named party defendant but was not served with notice of demand for payment or seizure. He objected to the validity of the deficiency judgment proceeding based on these alleged defects in the executory process. This aspect of the co-maker's argument was decided under articles 2001, 2002, 2004 of the Code of Civil Procedure regarding the grounds for a trial court annuling a final judgment. However, the co-maker also contended that the failure to serve him with a notice to appoint an appraiser resulted in the property being sold without an appraisal insofar as he was concerned and that under the deficiency judgment statute any suit for deficiency judgment would be void as against him. The court recognized the plain terms of the statute precluding a suit for deficiency judgment when the sale under executory process is done without appraisement. However, the court held that the debtor
... referred to in the deficiency judgment statute refers to the mortgage debtor only and the statute's protection is for the mortgage debtor only. Gumina v. Dupas, supra.
The court went on to hold that the requirement that the co-maker be served with notice of appraisement would extend the purpose of the statute far beyond what was originally intended. If the mortgage debtor *266 was still liable for a deficiency judgment, the court held,
"The co-makers obligated insolido with him were also still bound for the deficiency."
We are aware of the decision in Consolidation Loans, Inc. v. Guerico, 200 So.2d 717, La.App.1966. That case involved a co-maker who had an ownership interest in the property. In the case before us, the co-makers and endorsers do not possess any interest in the property. Insofar as that decision purports to hold that even a co-maker without any interest in the mortgaged property who was named defendant in the foreclosure proceedings should receive a notice of demand for payment, we find that this was dicta and did not form the actual basis upon which that decision was rendered. See footnotes in Meadow Brook National Bank v. Massengill, 427 F. 1055 (5th Cir. 1970).
In accordance with the above reasons, we agree with the trial court that if a co-signer or co-maker is not named defendant in the executory proceedings, or if the co-maker or endorser named defendant is not served with notice of payment, notice of seizure or sale, or notice to appoint an appraiser, such is not sufficient grounds to impart invalidity to the executory proceedings precluding the granting of a deficiency judgment against the comakers or endorsers. Also the failure to serve any notice to appoint an appraiser on the co-maker does not make invalid a subsequent appraisement in other respects complying with the deficiency judgment act. Under this act, an accommodation party is not entitled to any notice of appraisement as he has no interest in the property to be appraised.
The appellants next contend that if the procedure employed by the appellee in the executory process is valid under state law it nevertheless contravenes the fourteenth amendment due process clause of the United States Constitution under the recent Supreme Court holding of Fuentes v. Shevin, supra. Appellant also contends that it violates the Louisiana Supreme Court decision of Buckner v. Carmack, et al., supra, this latter case being the Louisiana Supreme Court decision that upholds the constitutionality of the executory process proceedings in light of Fuentes. Regarding these contentions suffice it to say that the above decisions were made relative to the seizure of the property of a debtor, that is, they dealt with whether the debtor who owned the property seized has been deprived of his property without due process of law. In the case before us, the comakers or endorsers have no interest in the property to be deprived of and therefore the holdings of these cases are not applicable to the case at bar. The fact that the mortgage debtor was dispossessed by seizure of his property does not give accommodation parties a standing to raise this alleged constitutional defect in their own behalf to prevent the deficiency judgment.
The appellants finally contend, and produced testimony to the effect that their signatures to the chattel mortgage forming the basis of the executory process proceedings were obtained outside the presence of any witness and consequently the acknowledgment contained in the chattel mortgage was invalid, reducing the chattel mortgage to an unacknowledged act insufficient to support executory process. The record reveals that the mortgage debtors' execution of the chattel mortgage was witnessed and that one of the witnesses appeared to acknowledge the instrument before a notary public. We hold that this is sufficient to impart authenticity to the chattel mortgage under the applicable statutes. Since the appellants had no real interest in the automobile under the chattel mortgage, then their execution of the chattel mortgage and the circumstances surrounding the execution makes no difference. Their signatures were unnecessary so the fact that their execution of the instrument was unwitnessed *267 would have no bearing on the validity of the acknowledgment.
For the reasons hereinabove assigned, we hold that the trial judge was correct in his decision; his judgment is therefore affirmed, all costs to be paid by appellants.
Affirmed.