323 So.2d 221 (1975)
FORD MOTOR CREDIT COMPANY, Plaintiff and Appellant,
v.
Jenston SOILEAU, Defendant and Appellee.
No. 5190.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
*222 Fontenot & Mitchell, by Guy O. Mitchell, III, Ville Platte, for plaintiff-appellant.
*223 Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
The holder sues a co-maker for the balance due on a promissory note. Defendant had signed as accommodation endorser the note which represented the balance due on a chattel mortgage on an automobile purchased by his son. The defendant filed an exception of no cause of action on the grounds that he cannot be sued for the deficiency due on the note, since he was not made a party in the prior executory proceedings against his son, the other co-maker. The trial judge sustained the exception. Plaintiff appealed.
The issues are: (1) Was the defendant merely an accommodation endorser of the note, or was he a co-buyer and co-owner of the automobile? (2) If defendant was only an accommodation endorser, is he released from liability on the note by failure of the plaintiff to name him as a party or to serve him in the prior executory proceedings?
The facts show that in June of 1973 Terrell B. Soileau, defendant's son, signed the act of sale and chattel mortgage and the note on lines indicated for the "Buyer". Terrell's father, the defendant, signed both instruments on lines indicated "Co-Buyer". But the space in the form for the name of the "Buyer (and Co-Buyer)" shows Terrell alone as the buyer. We conclude the instruments on their face show the intent of the parties was that Terrell be the sole owner.
Furthermore, the documents in the executory proceedings show that the Certificate of Title was issued by the Motor Vehicle Division of the State of Louisiana in the name of Terrell B. Soileau only. The Certificate of Title constitutes prima facie proof that Terrell B. Soileau was the sole owner of marketable title to the vehicle, LSA-R.S. 32:706. We recognize that the Certificate of Title is not conclusive proof of ownership, and that proof showing different ownership is admissible. Scott v. Continental Insurance Company, 259 So.2d 391 (La.App., 2d Cir. 1972). However, in the present case, there is no evidence showing the owner is other than Terrell B. Soileau alone. We conclude the defendant in the present case is an accommodation co-maker of the note, and that he owned no interest in the automobile.
Terrell B. Soileau defaulted on the note in November of 1974, thus causing the entire debt to become immediately due and owing under the terms of the contract. Plaintiff filed executory proceedings against only Terrell B. Soileau. Jenston Soileau was neither made a party, nor served with notice that the automobile had been seized and would be sold on February 26, 1975 with appraisement.
On February 26, 1975, the sheriff sold the vehicle with appraisement to the highest bidder, Ford Motor Credit Company, the plaintiff in both that suit and the instant matter. The proceeds from the sale were insufficient to completely satisfy the indebtedness.
Plaintiff then filed the present suit via ordinary process against only the co-maker, Jenston Soileau, for the balance of $2,374.40 due on the note. Defendant interposed exceptions of "No Right of Action and/or No Cause of Action", and of nonjoinder of an indispensable and necessary party, i.e., Terrell B. Soileau. The trial judge upheld the exceptions of "No Right of Action and/or No Cause of Action" and dismissed the suit. He assigned as reasons for the dismissal that "executory process is a harsh remedy", and that any defect in the executory proceedings should defeat an action for a deficiency judgment. He considered the lack of notice to defendant, Jenston Soileau, a defect.
*224 The Deficiency Judgment Act (LSA-R.S. 13:4106-7) prohibits an action for a deficiency judgment where property has been sold without appraisement. Jurisprudence has also established the rule that a deficiency judgment is prohibited where there is any fundamental defect in the proceedings, Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Reed v. Meaux, 292 So.2d 557 (La., S.Ct. 1973); Blaize, Civil ProcedureDeficiency Judgment After Invalid Executory Process, 29 La.L.Rev. 405.
In the present case, the property was sold with appraisement and in compliance with all the safeguards of the Deficiency Judgment Act. The only defect urged in the executory proceedings is that the defendant accommodation co-maker of the note was not made a party defendant nor was he served with notice of the proceeding.
The redactors of the Deficiency Judgment Act did not contemplate its application to persons other than owners of an interest in the property sold at the judicial sale. Emmco Insurance Company v. Nola Cabs, Inc., 125 So.2d 207 (La.App., 4th Cir. 1960); Guinn v. Houston Fire & Casualty Insurance Company, 32 So.2d 613 (La.App., 1st Cir. 1947). It was designed to protect only mortgage debtors who own an interest in the property. Gumina v. Dupas, 178 So.2d 291 (La.App., 4th Cir. 1965); Chrysler Credit Corporation v. Breaux, 293 So.2d 261 (La.App., 1st Cir. 1974); Southland Investment Company, Inc. v. Motor Sales Company, 198 La. 1028, 5 So.2d 324 (S.Ct.1941).
The rationale of the act is the strong public policy of protecting a debtor from possible abuse resulting from the judicial sale of his property without notice and without the benefit of proper appraisement. Blaize, Civil Procedure Deficiency Judgment After Invalid Executory Process, 29 La.L.Rev. 405 at page 408; Universal CIT Credit Corporation v. Hulett, 151 So.2d 705 (La.App., 3rd Cir. 1963); Home Finance Service v. Walmsley, 176 So. 415 (Orl.App. 1937); Southland Investment Company, Inc. v. Motor Sales Company, supra. But this public policy is not applicable to persons other than the owners of the encumbered property.
Furthermore, the service of notice of the executory proceedings on Jenston Soileau would not have protected him. Since he was neither an owner nor a mortgagor of the vehicle, he could not have appointed appraisers, nor enjoined the proceedings nor even effectively intervened. LSA-C.C.P. 2631, 2634, 2642, 2751 and 2643.
The only case we have found dealing precisely with the factual situation here presented is Chrysler Credit Corporation v. Breaux, supra, in which our Supreme Court denied writs, 294 So.2d 548, La.App., for the reason: "The judgment complained of is correct." In that case, executory process issued against only the owner of the mortgaged property. The property was sold with appraisement in compliance with the Deficiency Judgment Act. The proceeds from the sale were insufficient to pay the balance due on the note. The plaintiff then sued both the mortgage debtor and the accommodation co-maker for the deficiency. The accommodation co-maker owned no interest in the property. Nevertheless, he contended the Deficiency Judgment Act protected him since he was not made a party in nor was he notified of the prior executory proceeding. In rejecting this contention, the court recognized that the Deficiency Judgment Act was designed to protect mortgage debtors persons who have an interest in the property. The court distinguished Consolidation Loans, Inc. v. Guerico, 200 So.2d 717 (La.App., 1st Cir. 1966), where the defendant co-maker owned an interest in the property, and rejected dicta in that case that even a co-maker without an interest in the property should be notified.
We find no legal impediment to this suit via ordinaria to collect the balance *225 due on the note from Jenston Soileau. The note provided "For value received, I, we (jointly and severally) promise to pay..." There is no doubt that where co-makers employ the term "I" in describing their promise to pay, solidary liability results. Johnson v. Jones-Journet, 320 So.2d 533 (S.Ct.La.1975); Shreveport Bank & Trust Company v. Tyler, 275 So.2d 451 (La.App., 2d Cir. 1973); LSA-R.S. 7:17(7). And in Johnson v. Jones-Journet, supra, our Supreme Court held that "In Louisiana, the common law term `joint and several' is considered synonymous with the civil law term `in solido'." The rationale is that the parties intended their liability to be solidary. See LSA-C.C. Articles 2882, 2888 and 2091. Where co-makers are bound in solido, suit and resulting judgment against one does not preclude subsequent suit against the other. LSA-C.C. Article 2095, Gisclair v. First National Bank of Lafayette, 180 So.2d 595 (La.App., 3rd Cir. 1965).
In support of his position, defendant cites Exchange National Bank of Chicago v. Spalitta, 295 So.2d 18 (La.App., 4th Cir. 1974). Our Supreme Court granted writs in that case, 299 So.2d 360, La.App., and, after an original decision with three justices dissenting, granted a rehearing but on November 3, 1975 rendered judgment reinstating its original opinion. Regardless of the final decision by our Supreme Court in that case, it does not change the result in the present matter. The two cases are distinguished on the facts.
In Exchange National Bank of Chicago v. Spalitta, the plaintiff bank sued the defendants as accommodation guarantors of a large mortgage loan made to Place Vendome Corporation. The corporation invoked bankruptcy proceedings by petition for reorganization. During the reorganization proceedings in the bankruptcy court, the bank petitioned for a sale of the mortgaged properties, pursuant to which the properties were sold at public auction without compliance with the Deficiency Judgment Act. The bank then sued the defendants-guarantors for the balance due on the loan. Our Supreme Court decided the suit against the guarantors is not barred by the failure of the plaintiff bank to comply with the safeguards of the Louisiana Deficiency Judgment Act. In the present case, unlike Exchange National Bank of Chicago, the plaintiff complied in full with the safeguards of the Louisiana Deficiency Judgment Act and thereby reserved its right to proceed for the deficiency not only against the mortgage debtor but also against the co-maker, both of whom are still liable in solido for the balance due. We have no question in the present case, as the Supreme Court had in that case, of the effect of failure to comply with the Deficiency Judgment Act, or of the co-debtor in solido being released by the release of another co-debtor or of the impairment of subrogation rights as between co-debtors in solido by the release of one co-debtor.
Finally, it should be noted that in brief to this Court counsel for plaintiff-appellant argues the merits of his exception of nonjoinder of Terrell B. Soileau as a party defendant. The trial judge did not rule on this exception. He dismissed the suit on the exception of "No Right of Action and/or No Cause of Action." Where the trial court neither rules on an exception nor is requested to rule, the exception is abandoned. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399 (1965); Oil Purchasers, Inc. v. Kuehling, 321 So.2d 17 (3rd Cir. La.App.1975).
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered overruling defendant's exceptions of no right of action and no cause of action. This case is remanded to the Thirteenth Judicial District Court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are to be paid by defendant-appellee. Assessment of costs in the District Court must await a final judgment there.
Reversed and remanded.