LABORDE, Judge.
This is a suit for a deficiency judgment. Plaintiff, Gulf National Bank at Lake Charles, is suing defendant — co-maker of the note, William E. Ryan, for the balance owed on the note.
Ryan filed an exception of nd cause of action alleging as a basis for the exception that he was named as a party in the original petition for executory process but was not served with notice of the executory proceedings. Ryan alleges that Gulfs failure to serve him with notice of the executo-ry proceedings releases him from liability for the deficiency due on the note.
The trial court found that Ryan signed the note as an accommodation maker and that he owned no interest in the property seized in the executory proceedings. Therefore, the lower court, relying on our decision in Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir.1975), held that Ryan was not required to be served with notice of the executory proceedings since he was not entitled to the protection afforded by the Deficiency Judgment Act.[1] Thus, the trial court rendered judgment ip favor of Gulf and against Ryan for the balance due on the note, plus finance charges and attorney’s fees. Ryan appeals. We affirm.
The issues presented on appeal are as follows:
il) Whether or not Ryan was an accommodation maker of the note or was he an owner or co-owner of the property seized.
(2) If Ryan was only an accommodation maker, is he released from liability on the note by the failure of Gulf to serve him with notice of the executo-ry proceedings?
The record reveals that on May 22, 1981, William E. Ryan and Loretta Ryan signed a promissory note made payable to the order of bearer at Gulf National Bank at Lake Charles for the purchase of a 1979 Pontiac Trans-Am. To secure payment of the note, William and Loretta executed a chattel mortgage against the Trans-Am in favor of Collins Toyota. The note signed by Loretta and William was paraphed “Ne Varietur” for identification with the Act of Chattel Mortgage and said note was subsequently assigned to Gulf National Bank at Lake Charles.
The testimony contained in the record shows that the Trans-Am was purchased for Loretta and William’s daughter, Tammy. Tammy made the down payment on the car and she also paid the installments on the note as they came due.
The record shows that the Certificate of Title issued by the Motor Vehicle Division of the State of Louisiana named Loretta Ryan as the sole owner of the Trans-Am.
When payments on the note became delinquent, the entire debt became due according to the terms of the note. Gulf National Bank instituted executory proceedings naming Loretta and William as defendants therein. In the Petition for Ex-ecutory Process, Gulf National Bank alleged that William was a nonresident or absentee. They requested that an attorney at law be appointed to represent William. The trial court ordered that an attorney be appointed to represent William and the court further ordered that executory process be issued immediately in accordance with law.
*1124 On January 20, 1982, the sheriff sold the Trans-Am with appraisement to the highest bidder, Gulf National Bank. The proceeds from the sale were insufficient to completely satisfy payment of the note.
On February 26, 1982, Gulf National' Bank filed the present suit for a deficiency judgment against William and Loretta Ryan. On May 4,1982, Gulf National Bank confirmed a default judgment against Loretta for the deficiency owed on the note, reserving its rights against William.
On March 26, 1982, William filed an exception of no cause of action. He alleged that he was named as a defendant in the original petition for executory process, but was not served with a notice of seizure although he resided in Calcasieu Parish. The exception was referred to the merits and on October 1, 1982, trial of this matter was held.
After reviewing the record, we conclude, as did the trial court, that William was only an accommodation maker of the note and he did not own or ever intend to own an interest in the automobile purchased.
William testified at trial that the automobile was supposed to be his daughter’s automobile. The car was to be paid for by Tammy. William testified further that he did not make the down payment on the automobile nor did he ever pay an installment due on the note.
The record shows that all negotiations for the purchase of the Trans-Am were conducted by Tammy. William never entered into a discussion with a salesman regarding purchase of the car. At the time William signed the note and mortgage, he had never seen the car.
The record further shows that William owned no interest in the car. The Certificate of Title introduced into evidence shows that Loretta was the sole owner of the Trans-Am. While the Certificate of Title is not conclusive proof of ownership, no evidence is contained in the record to show that William owned any interest in the automobile.
After concluding that William was an accommodation maker of the note and that he owned no interest in the property mortgaged and seized, the trial court concluded that William, as an accommodation maker of the note, was not entitled to the protection of the Deficiency Judgment Act. Therefore, the trial court held that . service of process of a notice of seizure upon this defendant was not sacramental to his liability for a deficiency judgment”.
In Ford Motor Credit Company v. Soileau, supra, this court reviewed the purpose and application of the Deficiency Judgment Act. In Ford Motor Credit Company v. Soileau, supra, we stated the following:
“The Deficiency Judgment Act (LSA-R.S. 13:4106-7) prohibits an action for a deficiency judgment where property has been sold without appraisement. Jurisprudence has also established the rule that a deficiency judgment is prohibited where there is any fundamental defect in the proceedings, Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Reed v. Meaux, 292 So.2d 557 (La., S.Ct.1973); Blaize, Civil Procedure— Deficiency Judgment After Invalid Exec-utory Process, 29 La.L.Rev. 405.
* sH * * * *
The redactors of the Deficiency Judgment Act did not contemplate its application to persons other than owners of an interest in the property sold at the judicial sale. Emmco Insurance Company v. Nola Cabs, Inc., 125 So.2d 207 (La.App., 4th Cir.1960); Guinn v. Houston Fire & Casualty Insurance Company, 32 So.2d 613 (La.App., 1st Cir.1947). It was designed to protect only mortgage debtors who own an interest in the property. Gumina v. Dupas, 178 So.2d 291 (La.App., 4th Cir.1965); Chrysler Credit Corporation v. Breaux, 293 So.2d 261 (La.App., 1st Cir.1974); Southland Investment Company, Inc. v. Motor Sales Company, 198 La. 1028, 5 So.2d 324 (S.Ct.1941).
The rationale of the act is the strong public policy of protecting a debtor from possible abuse resulting from the judicial *1125 sale of his property without notice and without the benefit of proper appraisement. Blaize, Civil Procedure Deficiency Judgment After Invalid Executory Process, 29 La.L.Rev. 405 at page 408; Universal CIT Credit Corporation v. Hulett, 151 So.2d 705 (La.App., 3rd Cir.1963); Home Finance Service v. Walmsley, 176 So. 415 (Orl.App.1937); Southland Investment Company, Inc. v. Motor Sales Company, supra. But this public policy is not applicable to persons other than the owners of the encumbered property.”
In Cameron Brown South, Inc. v. East Glen Oaks, 341 So.2d 450 (La.App. 1st Cir. 1976), the plaintiff sought a deficiency judgment against a maker of a note and the two accommodation endorsers on the note. At trial, the trial court rendered judgment in favor of plaintiff against the defendants. On appeal, one of the appellants contended that no deficiency judgment could be granted against her because she was not made a party defendant, nor was she served with notice of the executory proceeding. In rejecting this contention the court quoted from the prior case of Chrysler Credit Corporation v. Breaux, 293 So.2d 261 (La.App. 1st Cir.1974); writ denied 294 So.2d 548 (La.1974) and held that the Deficiency Judgment Act was not designed to protect accommodation parties who have no interest in the mortgaged property. The court stated:
“. .. if a co-signer or co-maker is not named defendant in the executory proceedings, or if the co-maker or endorser named defendant is not served with notice of payment, notice of seizure or sale, or notice to appoint an appraiser, such is not sufficient grounds to impart invalidity to the executory proceedings precluding the granting of a deficiency judgment against the co-makers or endorsers.”
After reviewing the facts and law in the matter, we conclude that Gulf National Bank’s failure to serve William with notice of the executory proceedings does not release him from liability for a deficiency judgment.
For the foregoing reasons the judgment of the lower court is affirmed. All costs are to be assessed to defendant-appellant, William E. Ryan.
' AFFIRMED.

. For a discussion of Ford Motor Credit Company v. Soileau, Supra, see 37 La.L.Rev. 379.