JjHIGHTOWER, Judge.
In comparison to the maker of a promissory note, an accommodation endorser is not entitled to the same procedural protections in a foreclosure by executory process against property securing a collateral mortgage, nor released from his obligation by a creditor’s failure to provide him notice in advance of the judicial sale.
We thus affirm a deficiency judgment against the endorser in the case sub judice.
BACKGROUND
In 1987, Danny Ray Moore and his wife executed a promissory note which Gary R. Petty endorsed. Security Nat'I Trust (“Security”) later acquired the instrument and, in May 1991, instituted executory process in Bossier Parish to enforce a collateral mortgage securing the debt. That action named, as defendants, both makers and the endorser. Even so, the latter party never received notice of seizure, notice to appoint an appraiser, or notice of the judicial sale date. Instead, when the initial return of service reported that Petty had moved from 3634 Greenacres Place Drive in Bossier City, the court appointed an attorney to represent him and against whom the matter then proceeded.
After appraisals in conformity with law, the sheriff sold the encumbered real estate by judicial sale to plaintiff, the highest bidder, for $23,334, constituting two-thirds of the assigned value. Over a year later, Petty received service of a deficiency judgment petition and, in answer, asserted several affirmative defenses.
Evidence at a subsequent trial revealed that, at the time of the original proceedings, Petty owned a home and resided at his previously-mentioned address, had been listed in the local telephone directory, held a Bossier City occupational license, and ran a full-time business there. Based on this showing, he attempted to deflect the deficiency, demand by asserting that, in the underlying foreclosure, Security failed to serve him properly with notice of the right to appoint an appraiser. See LSA-R.S. 13:4363. The district court, however, rejected this position by awarding plaintiff judgment for $14,382.50, in addition to attorney’s fees of $2,500. Petty now appeals that determination.
*376 J2.DISCUSSION
LACK OF NOTIFICATION
In one assignment of error, Petty argues that his obligations on the note are indistinguishable from those of the maker and entitle him to the same procedural protections. We disagree.
Petty, having signed on the back of the instrument, is deemed an accommodation endorser. See former LSA-R.S. 10:3-415(1) (replaced by LSA-R.S. HkS-dWic)).[1] Thus, his rights and liabilities are those of a surety bound to pay the creditor only if the principal debtor does not. Former LSA-C.C. Art. 3035[2]; Colonial Bank v. Pier Five, Inc., 469 So.2d 1029 (La.App. 4th Cir.1985), writ denied; Chrysler Credit Corp. v. Breaux, 293 So.2d 261 (La.App. 1st Cir.1974), writ refused. See also current LSA-R.S. 10:3-419(e). In such circumstances, Louisiana’s suretyship provisions control unless replaced by a particular provision of the Commercial Laws, this state’s version of the Uniform Commercial Code. See LSA-R.S. 10:1-103; Colonial Bank, swpra.
 In another assignment, Petty maintains that Security’s sale of the mortgaged property without notice prevented him from being subrogated to appellee’s rights, mortgages, and privileges, and, thus, under former LSA-C.C. Art. 3061, acted as a discharge of the suretyship obligation. This argument, however, apparently ignores the more clearly applicable provision of the Louisiana Commercial Laws and the U.C.C., as set forth in former LSA-R.S. 10:3-606. That section, in pertinent part, provided:
(1) The holder discharges any party to the instrument to the extent that without such party’s consent the holder:
[[Image here]]
(b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.
Evaluated by that standard, an executory proceeding and judicial sale of mortgaged l3property, after due notice to and appraisal by the owners of the property, does not “unjustly impair” the collateral nor discharge an accommodation party not served or named as a defendant therein. Cf. Sims v. Asian Intern., Ltd., 521 So.2d 411 (La.App. 1st Cir.1987), writ denied, concluding that an impairment transpired upon the release of the principal maker and that party’s collateral.
As observed in Colonial Bank, supra, usual practice and the intent of the parties call for a creditor first to attempt collection from the principal debtor by seizure and judicial sale of the mortgaged property and then, only if the sale does not satisfy the debt, pursue the endorser-surety. Here the executory proceedings against the Moores obviously conformed to that scheme. Indeed, at that juncture, and as we will later illustrate, no need existed to name the endorser as a defendant. Id. Further, the value of the encumbered property has been accounted for through the sheriffs sale, which resulted in a reduction of the primary indebtedness. Thus, Petty demonstrates no prejudice as a result of the judicial sale. The burden of proving prejudice of subrogation rights rested upon the endorser. Pioneer Bank & Trust Co. v. Foggin, 177 So.2d 131 (La.App. 2d Cir.1965), writ refused; Poynet v. J & T Developments, Inc., 355 So.2d 1052 (La.App. 4th Cir.1978). Indeed, even applying current LSA-C.C. Art. 3062, the record adequately reflects a lack of detriment to appellant. We thus find no impairment of the collateral as a result of Security’s act of legally and properly foreclosing on the real estate.
Appellant essentially maintains that an accommodation party, despite having no ownership interest in the property, must be named as a defendant and served with notice of the executory proceedings before a deficiency judgment can be pronounced against him. This contention, however, has been *377 repeatedly rejected. See Colonial Bank, supra; Gulf Nat’l Bank at Lake Charles v. Ryan, 432 So.2d 1122 (La.App. 3d Cir.1983), writ denied; Cameron Broum South, Inc. v. East Glen Oaks, Inc., 341 So.2d 450 (La.App. 1st Cir.1976); Ford Motor Credit Co. v. Soileau, 323 So.2d 221 (La.App. 3d Cir.1975); Chrysler Credit Corp., supra; Meadow Brook Nat’l Bank v. Massengill, 427 F.2d 1055 (5th Cir.1970).[3] Nor does an accommodation party actually named defendant in the executory proceedings, but not validly served with notices therein, acquire immunity from a deficiency judgment. Gulf Nat’l Bank at Lake Charles, supra; Chrysler Credit Corp., supra; Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir.1965), writ refused.
The Deficiency Judgment Act, LSA-R.S. 13:4106, et seq., protects the owners of mortgaged property, not accommodation parties without an interest in the encumbered asset. Colonial Bank, supra; Cameron Brown South, Inc, supra; cf. First Nat’l Bank of West Monroe v. Pickens, 465 So.2d 874 (La.App. 2d Cir.1985). Even assuming that sureties may assert defective notice in defense of a deficiency judgment when rights of the principal debtor and/or property owner are affected, see Bank of Coushatta v. King, 522 So.2d 1328 (La.App. 2d Cir.1988); Bankers Trust of La. v. Smith, 629 So.2d 525 (La.App. 5th Cir.1993), Danny and Janet Moore received the required notices and appointed an appraiser. Petty, accordingly, may not complain.
Although appellant heavily relies upon Citizens Savings & Loan Ass’n. v. Kinchen, 622 So.2d 662 (La.1993), and Security Homestead Ass’n v. Fuselier, 591 So.2d 335 (La.1991), we simply do not find these two opinions controlling. In each matter, the original debtor-mortgagor did not receive appropriate notice during the previous foreclosure. Such parties, as stated in Federal Savings & Loan Ins. Corp. v. Tri-Parish Ventures, Ltd., 881 F.2d 181, 184 (5th Cir.1989), have “nigh universally]” been made a defendant in execu-tory proceedings. However, the protections afforded the mortgage debtor by the Deficiency Judgment Act, and the previously discussed cases, have not been extended to endorsers. See generally Southland Inv. Co. v. Motor Sales Co., 198 La. 1028, 5 So.2d 324 (1941); Gumina v. Dupas, supra. See also M. Rubin and E. Carter, Notice ofSeiziire in Mortgage Foreclosure and Tax Sale Proceedings: The Ramifications of Mennonite, 48 La.L.Rev. 535, 564-568 (1988).
|BIn another assignment, Petty argues that the lack of notice of the judicial sale offends constitutional due process. Of course, no person shall be deprived of life, liberty, or property, except by due process of law. U.S.C.A. Const. Amend. 14; La. Const. Art. 1 § 2; Porter v. Hobbs, 627 So.2d 751 (La.App. 2d Cir.1993). However, to warrant such protection, a legitimate, nonabstract interest must first be demonstrated. Id.; Bosworth v. Whitley, 627 So.2d 629 (La.1993), and authorities therein.
Without a claim of ownership to the immovables in question, defendant possessed no legitimate property interest that has been forfeited. Chrysler Credit Corp., supra. Instead, he argues only that he has been deprived of his right to be subrogated to plaintiffs mortgage on the Moore property. Yet, until he has paid the debt, a surety is not entitled to be subrogated to the creditor’s rights. See former LSA-C.C. Arts. 3052, 3053; LSA-C.C. Art. 3048 (as reenacted); see also former LSA-R.S. 10:3-415(5). More importantly, as previously discussed, a valid executory proceeding by the creditor does not impair an endorser’s subrogation rights. Consequently, Petty fails to illustrate the deprivation of a constitutionally protected interest.
Furthermore, the present suit adequately afforded appellant an opportunity to raise, as a defense, any defect in the executory proceedings which would bar Security from a deficiency against the makers or disallow Petty’s own reimbursement efforts against the Moores. See generally Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d *378 556 (1972). Accordingly, we find no error in the trial court’s decision to adjudicate the defendant liable for the remaining indebtedness, notwithstanding that the original foreclosure embodied the improper appointment of a curator.[4]
ATTORNEY’S FEES
In his final assignment of error, appellant argues that the trial court’s assessment of attorney’s fees is unreasonable. We reject this contention.
| r,The reasonableness of attorney’s fees is within the great discretion of the trial court. Allen v. Burnett, 530 So.2d 1294 (La.App. 2d Cir.1988); Sims v. Hays, 521 So.2d 730 (La.App. 2d Cir.1988). Reviewing the record and considering the complexity of the issues involved, we find no abuse of discretion in the $2,500 award.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.
APPLICATION FOR REHEARING
Before SEXTON, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.

. Acts 1992, No. 1133, § 3, effective January 1, 1994, broadly amended and revised Louisiana's negotiable instruments law as found in Chapter 3 of the Louisiana Commercial Laws.

. Acts 1987, No. 409 § 1 completely revised the Louisiana law of suretyship. However, these amendments did not become effective until January 1, 1988, and thus are inapplicable to this August 6, 1987 note.

. Although C.I.T. Corp. v. Rosenstock, 205 So.2d 81 (La.App. 4th Cir.1968), supports appellant’s position, later fourth circuit pronouncements in Colonial Bank, supra, and Whitney Nat’l Bank of New Orleans v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.1983), writ denied, seriously undermine the viability of that earlier ruling.

. Cf. Security Homestead Ass'n, supra (appointment improper in absence of diligent effort to locate party).