## Succession of Beer, Deceased—Opposition of Goodman et al.

A sale made by two of three parties, of their interest in a commercial co-partnership, to the third partner, does not deprive the creditors of the partnership of their privilege upon such effects of the partnership as may be found in the succession of the latter partner, the vendee, at his death.

APPEAL from the District Court of Rapides, *Ogden*, J.

*M. Ryan*, for the administrator. *Hyman & Cazabat*, for the opposing creditors and appellants.

MERRICK, C. J. This case presents the single question, whether or not the sale made by two out of three of these partners of their interest in a commercial co-partnership, to the third partner, deprives the creditors of the partnership of their privilege upon such effects of the partnership as may be found in the succession of the latter partner, the vendee, at his death?

Article 2794 of the Civil Code, declares that "the partnership property is liable to the creditors of the partnership in preference to those of the individual partner; but the share of the partner may, in due course of law, be seized and sold to satisfy his individual creditors, subject to the debts of the partnership; but such seizure of legal operates as a dissolution of the partnership."

Here the privilege is given the creditors of the partnership by express law. It is now incumbent upon the party who maintains the loss of the right thus expressly granted, to show some provision of law extinguishing the privilege in this case or excepting it from the operation of the general rule. None such has been pointed out.

Article 3244 declares that privileges are extinguished by the extinction of the thing subject to the privilege; by the creditor acquiring it; by the extinction of the debt which gave birth to it; and by prescription. In the case of the vendor of movables, he retains his privilege so long as the goods remain in the possession of his vendee. 3184, 3194, 3230, C. C.

Beyond these express provisions of law we are not aware of any enactment bearing upon the question before us.

On general principles, we think it ought not to be in the power of the partners by arrangements among themselves to defeat the rights of their creditors, but that so long as the partnership effects remain in the possession of any of the partners, they must be held subject to the privilege of the creditors of the partnership. The rights of the creditors of a partnership would be too precarious if they might be defeated by the sale of one or more of the partners of his interest in the partnership to his co-partners. The law has not said that they shall lose their right of preference by such change in the number of the members of the firm, and we cannot decree what the law has not ordained. *Id quod nostrum est, sine facto nostro, ad alium transferri non potest.*

It is, therefore, ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial, with directions to allow all the claims of *D. Goodman & Co.*, as privilege claims upon such of the partnership effects of *Isaac Beer & Co.*, or their proceeds, as may be found in the hands of the administrator of the said succession of *I. Beer*, the appellees paying the costs of the appeal.