MARVIN, Judge.
A former Humble service station lessee, McCasland, appeals from a judgment in favor of Humble for the balance due on a promissory note plus interest, attorney’s fees, and costs.
The note was signed by McCasland to pay Humble for a quantity of gasoline for the leased station. About one month later, McCasland needed more gasoline which Humble would not deliver because he did not have cash to pay for it. Within a day or two thereafter, McCasland and Humble signed a “Mutual Cancellation and Termination Agreement” which cancelled the future lease obligations of both. Humble inventoried and appraised the merchandise of the station which had been sold to Mc-Casland partly on credit or open account, and purchased back from McCasland this merchandise and credited McCasland’s open account. The price for each item of the closing inventory was entered on the inventory sheets, which the evidence shows was the same price paid by or charged to McCasland when the items were purchased by him. McCasland signed the inventory *358 and does not dispute its correctness. The total value of the merchandise was some $1,300.00 more than was owed on the open account. This excess credit was applied to the promissory note, resulting in the balance on which Humble brought suit and obtained judgment below.
McCasland contended in his answer to the petition that Humble in effect was seeking a “deficiency judgment” which could not be allowed because Humble had “privately repossessed” the merchandise without benefit of legal appraisal, contrary to the Deficiency Judgment Law, R.S. 13:4106 et seq. McCasland further contends on appeal that he was not truly a lessee or independent operator of Humble’s station because of the degree of “control” Humble exercised over him in the station’s operation, but instead he was a mere “employee” of Humble who should not be held liable for “business losses.”
 The facts established by the record do not support McCasland’s contentions. The “Lease to Dealer” as the written lease is styled on the printed form, admittedly signed by McCasland, creates a lessee-lessor relationship. This relationship endured amicably for more than a year prior to McCasland’s inability to pay cash for Humble’s gasoline. The termination agreement, also admittedly signed by McCasland, terminated the lease without affecting past obligations. The promissory note for the gasoline had no connection with the open account for the Humble merchandise which was retailed by McCasland. The open account was fully satisfied by the return of the merchandise to Humble, the value of which was agreed to by McCasland when he signed the inventory. There was no duress or fraud practiced upon McCasland. The excess credit, the amount of which was not disputed by McCasland, was applied to the promissory note. The circumstances under which Humble and McCasland terminated their relationship are clearly distinguishable from those cases invoking the Deficiency Judgment Law as a bar to recovery. In those cases, the thing which is returned to the creditor for disposition does not produce sufficient proceeds to fully satisfy the debt and the creditor claims the deficiency from the debtor, who sometimes signs a “new note” for or otherwise agrees to pay the deficiency after the private disposition without appraisal. See for instance Soileau v. Pitre, 79 So.2d 628, (La.App. 1st Cir., 1955), and cases discussed therein. Here, the thing returned (the merchandise) more than satisfied the open account and the excess credit was applied to the promissory note for the gasoline purchase. The gasoline purchase for which the promissory note was given was distinctly a different and separate transaction from the merchandise purchase on open account which occurred over a period of several months. The Deficiency Judgment Law does not bar recovery on the promissory note under the circumstances presented by this case.
Affirmed.