331 So.2d 870 (1976)
MURDOCK ACCEPTANCE CORP., Plaintiff-Appellant,
v.
S & H DISTRIBUTING CO., INC., Defendant-Appellee.
No. 12890.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
Rehearing Denied May 24, 1976.[*]
Writ Refused July 2, 1976.
Mayer, Smith & Roberts, by Ronald R. Inderbitzin, Shreveport, for plaintiff-appellant.
Booth, Lockard, Jack, Pleasant & LeSage by Joseph C. LeSage, Jr., Shreveport, for defendant-appellee.
*871 Before HALL, MARVIN and SMITH, JJ.
En Banc. Rehearing Denied May 24, 1976.[*]
SMITH, Judge.
Plaintiff Murdock Acceptance Corporation (hereafter "Murdock") sued S & H Distributing Company (hereafter "S & H") as a guarantor of performance of a retail installment contract calling for the sale of 300 hot drink vending machines by Bally Distributing Company, Inc. (hereafter "Bally") to C & H Music Company (hereafter "C & H"). Bally had assigned all rights resulting from the contract to Murdock. The lower court rendered judgment in favor of defendant rejecting the demands of plaintiff. Plaintiff appeals.
On July 7, 1966, the contract for the sale of the vending machines was signed by representatives of Bally, an Arkansas corporation, and C & H, a Texas organization. S & H, a Louisiana corporation, signed a continuing guarantee for the C & H indebtedness of $27,870.30. It is undisputed that the sales agreement and the guaranty agreement were both executed in Shreveport, Louisiana.
C & H subsequently complained to Bally of defects in the machines. 300 machines were sold. About 75 machines were uncrated and used; approximately half of those machines proved defective. After complaining of the defects in the machines, C & H returned 295 of them to Bally. No further payments were made on the installment contract.
Murdock gave the required notice to C & H and S & H for the balance $16,163.15, allegedly due for the machines.
The trial court found that the machines were defective and were in fact returned by C & H to Bally and subsequently sold by Murdock at private sale without benefit of appraisal. The court held that the guaranty contract executed by S & H is not a negotiable instrument under either Louisiana laws affecting that instrument or the Uniform Commercial Code of Texas or Arkansas. The defense of failure of consideration was therefore available to S & H. That defense was sustained by the trial court. As an alternative ground for rejecting plaintiff's demands, the court concluded that Louisiana law precludes a deficiency judgment where there has been no appraisal of the property before the sale as in the instant case.
Plaintiff appeals the lower court judgment alleging that the court erred in three respects:
1) in applying Louisiana law rather than the U.C.C. of Texas or Arkansas;
2) in allowing defendant to assert the defense of failure of consideration where the principal debtor had waived that right; and
3) in finding that there was a complete failure of consideration.
We affirm the judgment of the lower court.
The central issue of this case is whether plaintiff is entitled to a deficiency judgment. If Louisiana law is regarded as controlling, the creditor is not entitled to a deficiency judgment under the statutory law and public policy of this state, because the coffee machines were sold without the debtors having been afforded the benefit of an appraisement. See LSA-R.S. 13:4106, 4107. If, however, the law of Texas or Arkansas governs this case, the plaintiff did comply with those states' prerequisites for a deficiency judgment.
The lower court held that Louisiana law applied and that the Deficiency Judgment Act prevented judgment in favor of plaintiff and against the Louisiana surety. Plaintiff argues that there are insufficient factual connections with Louisiana to support a holding that Louisiana law applies. We cannot agree.
In reviewing the instrument executed by S & H as guarantor of C & H's *872 obligation, we find no effective choice of law by the parties. Absent such a choice, we must look to the interests of the various states to determine what law should be applied.
We conclude that this case presents a false conflict of laws question. A false conflict occurs when one of two states related to a case has a legitimate interest in the application of its law and policy and the other has none. Jagers v. Royal Indemnity Company, 276 So.2d 309 (La. 1973); Lester v. Aetna Life Insurance Company, 433 F.2d 884 (U.S.Ct. of Appeals 5th Cir., 1970).
Louisiana has a strong public policy of protecting debtors from deficiency judgments where there has been no appraisal of property sold to satisfy that debt. The interests of Louisiana in fostering that policy will be well-served by the application of Louisiana law in the instant case involving a Louisiana domiciliary. Arkansas and Texas have no interest in allowing a deficiency judgment in favor of a Tennessee creditor and against a Louisiana debtor.
It is undisputed that the seller of the coffee machines contacted the officials of S & H at that firm's headquarters in Shreveport, Louisiana, hoping that S & H could locate buyers for their products. From their Shreveport office, S & H contacted the vendees in this case with information about the coffee devices. The resulting sales agreement was signed in Shreveport.
It would not advance any policy of the law of the domicile of the vendor to apply its law, but it would defeat the policies of the forum state to apply the law of the foreign state. A contrary conclusion would defeat the policy the State of Louisiana continues to haveto prevent deficiency judgments in favor of creditors where the debtor has not been afforded the benefit of an appraisal of the encumbered property.
The lower court was correct in refusing plaintiff the deficiency judgment. Having concluded that Louisiana law applies and that Murdock was not entitled to judgment for the balance because of the Deficiency Judgment Act, we do not reach plaintiff's other allegations of error.
For the foregoing reasons, the judgment of the lower court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Bolin, J., recused.