393 So.2d 866 (1981)
James V. JUSTICE
v.
Roy G. CABALLERO and May Caballero.
No. 11250.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1981.
*867 Tillery & Potts, Allen J. Tillery, Chalmette, for plaintiff-appellee.
Casey, Babin & Casey, Joseph S. Casey, New Orleans, for defendants-appellants.
Before GULOTTA, SCHOTT and SARTAIN, JJ.
GULOTTA, Judge.
Defendants appeal from a deficiency judgment awarding James V. Justice the balance owed on a promissory note.[1] Entitlement to recovery is in issue; however, the amount of the judgment is not.
According to the pleadings and sparse evidence in the record, Justice instituted suit via ordinaria for the unpaid balance due on a note executed and signed by May and Roy Caballero on August 3, 1972 and made payable to him in the amount of $28,000.00, together with stipulated interest and attorney's fees. In their answer, the Caballeros asserted that on June 11, 1964 Roy Caballero and a third party had acquired the food store from Justice for the price of $70,000.00, on terms of $20,000.00 cash and the balance of $50,000.00 payable by a note secured by a chattel mortgage on the inventory, stock, equipment and fixtures of the business. In August, 1972, the third party purchaser transferred his interest in the food store to Roy Caballero when the balance due on the original $50,000.00 note had been reduced to the sum of $28,000.00. The Caballeros aver in their answer that the $50,000.00 note was cancelled and a new note was signed by Roy Caballero and his wife, representing the balance due on plaintiff's vendor's lien. They further allege that the stock of the business was surrendered to Justice and disposed of by him without appraisement.
Justice's testimony generally supports the Caballeros' averment of the circumstances surrounding the purchase of the food store. Justice added that in December, 1973, Caballero had advised him that he was unable to carry on the business and would terminate his operation on December 31, 1973. On the December 31st closing date, Caballero gave authority, in writing to Justice to act as his agent to dispose of all of the merchandise and equipment "... as he sees fit." This written authority was reiterated in a February 10, 1974 letter, which more specifically mentioned the sale of the merchandise and equipment in the food store and directed Justice to use the money to pay any taxes and the balance to be applied on the amount owed.
According to Justice, because the personal note was worth more than the value of the stock, the return of the merchandise did not totally satisfy the debt. Justice testified further that the $28,000.00 note of August, 1972 was for the balance due on the $50,000.00 note. According to Justice, the equipment that was surrendered to him included some of the original equipment sold to Caballero. Both Justice and his wife testified finally that the property had been sold without appraisement.
Although written reasons were not assigned by the trial judge, the award in plaintiff's favor leads us to conclude the judge found, as a matter of law, that the Deficiency Judgment Act was inapplicable.
It is clear from the averments in the Caballeros' answer, by which they are judicially bound, that the original note in the sum of $50,000.00 secured by the chattel mortgage was cancelled upon the issuance of the unsecured promissory note in the sum of $28,000.00, dated August 3, 1972. It is also clear that Roy Caballero surrendered the property to plaintiff for sale by him as defendants' agent and authorized him to apply the proceeds from that sale to outstanding taxes owed and the unpaid balance due on the August 3, 1972 note.
We are confronted then with the question whether the Deficiency Judgment Act applies to the balance owed on a promissory note (not secured by a chattel mortgage but on which there was a vendor's *868 privilege) where property owned by the debtor is sold by the creditor (as the authorized agent of the debtor) and brings an amount from the sale that is insufficient to satisfy the balance owed on the note. We hold that the Deficiency Judgment Act does apply to the promissory note in our case and, accordingly, reverse.
Although many cases arising under the Deficiency Judgment Act have involved chattel mortgages and it has been said that the act is for the benefit and protection of "mortgage debtors",[2] we do not consider the language in those cases to be exclusive. The Deficiency Judgment Act, LSA-R.S. 13:4106, provides in pertinent part:
"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency, except as provided in the next paragraph...."
By its own terms the statute refers to "a mortgagee or other creditor" and "the debtor." Moreover, LSA-R.S. 13:4107 provides that R.S. 13:4106 shall apply to "mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934." The statute does not speak of mortgagees and mortgagors to the exclusion of other creditors and debtors. Indeed, in Murdock Acceptance Corp. v. S & H Distrib. Co., Inc., 331 So.2d 870 (La.App. 2nd Cir., 1976), writ denied, 334 So.2d 435 (La.1976), the Deficiency Judgment Act was held applicable to a retail installment sale of machinery without any mention in the opinion of a chattel mortgage agreement or any security device except a continuing guaranty. Furthermore, the legislative history of the Deficiency Judgment Act supports a conclusion that the Act applies to the debt in our case. Prior to the amendment of LSA-R.S. 13:4106 by Acts 1960, No. 32, § 1, the statute spoke of sale without appraisement of the "encumbered property." The present version of the statute speaks only of the debtor's "property." In the transition, the words "encumbered property" were omitted. If the statute were to apply exclusively to mortgaged property, it would appear that the word "encumbered" would not have been eliminated by the amendment. Accordingly, we conclude that the Deficiency Judgment Act does not apply exclusively to the sale without appraisement of property mortgaged by the debtor. Thus, in our case, the cancellation of the original note secured by the chattel mortgage and the issuance of a new note not secured by a chattel mortgage does not, in our opinion, bar application of the Deficiency Judgment Act.
We are not persuaded by Justice's argument that the "open" note sued on is unrelated to the super market property that was sold in order to pay the Caballeros' obligations. Under our law, the sale of a movable on credit entitles the vendor to a privilege on the thing sold to the extent of the unpaid purchase price so long as the movable remains in the vendee's possession. LSA-C.C arts. 3217, 3227. The vendor's privilege on movables exists against the property sold as a substantive right incident to the contract of sale. W. T. Grant Company v. Mitchell, 263 La. 627, 269 So.2d 186 (1972), affirmed, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). This privilege affords a right to obtain a writ of sequestration and seize the property if the purchaser defaults in his payment. W. T. Grant Company v. Mitchell, supra.
In our case, Justice acquired a vendor's privilege when he sold his food store to Caballero and the third party on credit. So long as the property sold remained *869 in possession of the purchaser, the cancellation of the original chattel mortgage note and the execution of a new note by the Caballeros did not serve to extinguish his vendor's privilege. An ancient line of cases has established that the mere renewal of sale notes and an extension of time do not amount to a novation or destroy the privilege securing the earlier note. Cox v. Rabaud's Syndic, 4 Mart (O.S.) 11 (1815); Hobson v. Davidson's Syndic, 8 Mart (O.S.) 422 (1820); Saul v. Nicolet's Executors, 15 La. 246 (1840); see also Daggett, Louisiana Privileges and Chattel Mortgages, p. 144 (1942). Furthermore, the purchase of the third party's interest by Caballero at the time the second note was executed has no effect on Justice's privilege. In Succ. of Beer, 12 La.Ann. 698 (1857) it was held that the sale by two out of three partners of their interest in a partnership to the third partner did not deprive the creditors of the partnership of their privilege on the partnership effects found in the succession of the vendee partner at this death.
Citing Humble Oil and Refining Company v. McCasland, 322 So.2d 357 (La.App. 2nd Cir. 1975), Justice argues that the Deficiency Judgment Act does not apply since there is no relationship between the note and the goods that were sold without appraisement. We disagree. In the Humble Oil case, a service station operator owed two debts to an oil company; an open account balance for merchandise and a note for gasoline. The debtor returned the merchandise to the seller to be credited to his open account. Credit in excess of the open account balance was applied to the note. The court held that the Deficiency Judgment Act did not bar recovery of the balance owed on the note since the gasoline purchase was a separate transaction from the open account. Unlike the Humble Oil case, in our case there was only one sale of the grocery business and some of the items involved in that sale, which were subject to Justice's vendor's privilege, were later returned to Justice and sold by him without appraisement. There exists a connexity between the original sale and the sale without appraisement in our case.
We find no merit to Justice's contention that he did not take possession of the property and sell it for himself, but acted at all times as Caballero's agent. Even assuming the documents written and signed by Caballero that were introduced into evidence are sufficient proof of a genuine agency relationship, we conclude the Deficiency Judgment Act still applies. LSA-R.S. 13:4107 specifically states that LSA-R.S. 31:4106 "declares a public policy and the provisions thereof can not and shall not be waived by a debtor ..." These public policy provisions have been characterized as "stringent" and it has been held that a creditor under the statute is barred from a deficiency judgment where he provokes a sale, judicial or private, without the benefit of appraisement. David Investment Company v. Wright, 89 So.2d 442 (La.App. 1st Cir., 1956); Universal C.I.T. Credit Corporation v. Hulett, 151 So.2d 705 (La.App. 3rd Cir., 1963).
In Southland Investment Co., Inc. v. Lofton, 194 So. 125 (La.App. 2nd Cir., 1940), the debtor voluntarily surrendered his mortgaged automobile to the creditor who sold the property without benefit of appraisement. As in our case, the net proceeds were applied to the balance owed. The Southland Investment Co. court concluded that the employment of such an agreement was calculated to defeat the underlying purposes of the Deficiency Judgment Act. The court further recognized that the broad statement of public policy manifests the "intention of the law makers to place a stamp of disapproval on any practice whereby encumbered property is sold without judicial appraisement ...." Although the record in our case does not indicate that the agency agreement was anything other than an arm's length transaction, it is nonetheless in contravention of the strict public policy underlying the Deficiency Judgment Act.
Accordingly, we conclude that the Deficiency Judgment Act is applicable to the balance owed on the $28,000.00 note and that the sale of the movables by the creditor *870 without benefit of appraisement bars plaintiff's recovery. Consistent herewith, the judgment of the trial court is reversed and set aside and plaintiff's suit is dismissed at his cost.
REVERSED AND RENDERED.
NOTES
[1] Judgment was rendered in favor of plaintiff against defendants in solido in the amount of $28,000.00 subject to a credit of $9,725.00 together with interest thereon at the rate of 6% per annum, from August 3, 1972 until paid, and for 20% attorney's fees.
[2] Southland Inv. Co. v. Motor Sales Co., 198 La. 1028, 5 So.2d 324 (1941); Gumina v. Dupas, 178 So.2d 291 (La.App. 4th Cir., 1965), writ denied, 248 La. 442, 179 So.2d 430 (1965); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir., 1975).