487 So.2d 573 (1986)
LATTER & BLUM, INC. and Birch-Greer and Associates, Inc.
v.
A.J. WAREHOUSE, INC.
No. CA-4305.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Jonathan M. Lake, New Orleans, for plaintiffs-appellants Latter & Blum, Inc. and Birch-Greer and Associates, Inc.
Bronfin, Heller, Steinberg & Berins, Robert A. Kutcher, John D. Fricke, New Orleans, for defendant-appellee A.J. Warehouse, Inc.
Before KLEES and LOBRANO, JJ., and HUFFT, J. Pro Tem.
KLEES, Judge.
Plaintiffs appeal the trial court's granting of defendant's exception of no cause of action. Plaintiffs, Latter & Blum, Inc., and Birch-Greer & Associates, Inc., filed suit against defendant, A.J. Warehouse, Inc., to recover monies allegedly due under a sublease agreement.
On November 1, 1974, A.J. Warehouse, Inc. entered into a lease with A & H Realty Company for certain properties located at 2740-2800 Arts Street, New Orleans, Louisiana. The November 1974 lease terminated on the last day of October 1984. The lease agreement provided for a five year renewal of the lease.
On September 16, 1977, with the consent of the lessor, A.J. Warehouse, Inc. sublet a portion of the property to Ambassador Transfer and Storage, Inc., for a term ending on October 31, 1984. The sublease contained the provision that "Sublessor assigns to Sublessee any and all rights of renewals contained in said lease." The *574 sublease also provided that the sublessor, A.J. Warehouse, Inc., would pay plaintiffs a commission
on the gross rents due under any and all renewals and extensions of this sublease and any and all new subleases hereafter made with Sublessee or any affiliate, nominee or representative of Sublessee, covering the leased premises or any part there of.
On June 20, 1984, the original sublessee (Ambassador) entered into an agreement with the owners of the property (A & H Realty Company), allegedly to renew the sublease for a period of five years. Plaintiffs allege in their petition that on the basis of the provision in the original sublease they are entitled to a commission from defendant for the handling of the renewal agreement between Ambassador and A & H Realty Company.
Defendant filed an exception of no cause of action and failure to join necessary parties. The district court sustained the exception of no cause of action and dismissed the plaintiffs' suit.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face of the record. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193, 194 (La.1977); Darville v. Texaco, Inc., 447 So.2d 473 (La. 1984).
The petition and document attached thereto clearly establishes that the plaintiffs are entitled to any commissions resulting from any and all renewals or extensions of the sublease. The issue on appeal is whether the agreement between the original sublessee and the owners of the property can be considered a renewal of the original sublease for purposes of the "commission" clause.
A sublease is an agreement whereby the original lessee leases to a third party, the sublessee, all or part of the properties leased to the original lessee by the owner of the properties. When parties enter into a sublease, a new contract comes into existence which is separate and distinct from the original lease between the sublessor and the owner of the properties. The rights and obligations of the sublessor and sublessee arise out of the provisions of the sublease. There is no privity of contract between the owner of the property and the sublessee. Bourgeois, Dupuis, Wright & Cohen v. Hayes, 457 So.2d 231, (La.App. 3rd Cir.1984), writs denied, 461 So.2d 315 (La.1984). The sublessee is not considered as an original lessee, and may only exercise rights under the original lease through the original lessee. Ducote v. Callico, 307 So.2d 644 (La.App. 4th Cir.1974), writs denied, 309 So.2d 337 (La.1975).
The contract which plaintiff alleges to be a renewal of the sublease was entered into, and signed by A & H Realty Company, the owner of the property, and Ambassador, the original sublessee. The original lessee and sublessor, A.J. Warehouse, was not a party to the contract. Thus it is evident from the pleadings and documents attached thereto that the sublessee did not exercise its rights of renewal through the sublessor. The original sublessee entered into a new contract with the original lessor. Such a contract is not a renewal of the original lease, but is a new lease.
Plaintiffs argue that the original sublessor, A.J. Warehouse, assigned all of its renewal rights to the sublessee, and the sublessee, as an assignee, may enforce the right to renew the original sublease without the sublessor's participation. While plaintiff's argument may be correct, we still find that the contract entered into between the sublessee and the original lessor is not a renewal of the sublease. The alleged renewal of the sublease provides the evidence for such a holding.
Accordingly, we conclude that the contract entered into between the original sublessee, Ambassador, and the original owner, A & H Realty Company, is not a *575 renewal of the original sublease. Accordingly, plaintiffs have no cause of action against defendant for commissions arising under the original sublease as alleged in the plaintiffs' petition. Nonetheless, the plaintiffs may be able to remove the grounds of defendant's peremptory exception so as to properly state a cause of action. They should be afforded an opportunity to amend their petition. C.C.P. art. 934. Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985).
For the above and foregoing reasons, the judgment of the trial court is affirmed and remanded with instructions to order plaintiffs to amend their petition to state a cause of action, if they can, within a delay deemed reasonable by the trial court.
REMANDED.