CIACCIO, Judge.
Plaintiff filed a petition for in rem judgment to which defendant filed an exception of no right of action and an exception of no cause of action. The. district court sustained both exceptions and dismissed plaintiff’s suit at its cost. We reverse.
Plaintiff’s petition alleges that plaintiff sold defendant a television, a bed frame, a mattress, and a box spring, that defendant has not paid the whole price of the sale, and that plaintiff claims a vendor’s privilege on the merchandise alleged to be in defendant’s possession.
The peremptory exception of no cause of action challenges the legal sufficiency of the petition. It raises the question of whether the law affords plaintiff any remedy under the allegations of the petition. The exception is tried on the face of the petition, without introduction of evidence, and for purposes of its determination, all *987 well pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. La.C.C.P. Art. 931; Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Latter & Blum, Inc. v. A. J. Warehouse, Inc., 487 So.2d 573 (La.App. 4th Cir.1986), and cases cited therein.
Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which is asserted; La.C.C.P. Art. 681. An exception of no right of action under La.C. C.P. Art. 927(5) raises the issue of whether the person has an interest in the subject matter of the proceedings. It challenges the plaintiff’s interest in the subject matter or his legal capacity to proceed with the suit. The exception questions whether a remedy afforded by law can be invoked by a particular plaintiff; it relates specifically to the individual person. Gibson v. Burns, 505 So.2d 66, 67 (La.App. 4th Cir.1987), quoting In Re Tutorship of Werling, 459 So.2d 758 (La.App. 4th Cir.1984), and eases cited therein. Although evidence is admissible to support or controvert an exception of no right of action, La.C.C.P. Art. 931, the exception cannot be utilized to determine whether defendant can stand in judgment, or to urge that plaintiff has no right simply because there is a valid defense on the merits. Steadman v. Sladovick, 430 So.2d 816 (La.App. 5th Cir.1983).
The sale of a movable on credit entitles the vendor to a privilege on the thing sold to the extent of the unpaid purchase price so long as the movable remains in the vendee’s possession. La.C.C. Arts. 3217 and 3227. The vendor’s privilege on movables exists against the property sold as a substantive right incident to the contract of sale. W.T. Grant Company v. Mitchell, 263 La. 627, 269 So.2d 186 (1972), affirmed, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); Justice v. Caballero, 393 So.2d 866 (La.App. 4th Cir.1981).
Plaintiff’s petition alleges a sale to defendant of movables for which the purchase price has not been paid and which remain in defendant’s possession. Those allegations state a cause of action on behalf of the seller of those movables for recognition and enforcement of his vendor’s privilege. Plaintiff’s petition alleges, and defendant does not refute, that plaintiff was the seller of those movables. Plaintiff, therefore, is the correct party in interest to sue for recognition and enforcement of its vendor’s privilege; plaintiff has a right of action.
Defendant’s assertions of defenses on the merits, such as discharge in bankruptcy or that no vendor’s privilege arose because she paid by credit card, do not support the exceptions of no cause of action or no right of action. Those defenses challenge neither the sufficiency of the petition to state a cause of action nor plaintiff’s interest in asserting the cause of action stated. They are defenses which address the merits of plaintiff’s claim, and we do not here consider their validity.
We hold, therefore, that the judgment sustaining defendant’s exceptions of no cause of action and no right of action is erroneous, and we reverse it. We overrule the exceptions and remand this matter to the district court for further proceedings. Costs in this court for this appeal shall be paid by defendant-appellee; liability for costs in the district 'court shall await final judgment.
REVERSED and REMANDED.