615 So.2d 44 (1993)
Ernest Q. HEBERT, Sr., Plaintiff-Appellee,
v.
Earl H. HINES, Jr., Defendant-Appellant.
No. 92-246.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
*45 Leah White and Raleigh Newman, Lake Charles, for Ernest Q. Hebert Sr.
James Alvin Watson, Lake Charles, for Earl H. Hines Jr.
Before DOMENGEAUX, C.J., and KNOLL and SAUNDERS, JJ.
DOMENGEAUX, Chief Judge.
Ernest Q. Hebert, Sr. filed suit against Earl H. Hines, Jr. seeking the termination of a lease agreement and eviction of the tenant. The trial judge found that because a renewal option had not been properly exercised by the lessee, the lease expired at the end of its primary term. The tenant was ordered to vacate the premises. We affirm.
The 15-year lease at issue was entered into on July 18, 1975 by Hebert, as lessor, and Kelly P. McBride, d/b/a Speedy Tote, as lessee. Shortly thereafter, McBride incorporated under the name Speedy Tote Service Stores, Inc., and subleased the premises to the corporation. Several years later, Hines became the majority shareholder and chief executive officer of Speedy Tote Service Stores, Inc. Hines attempted to exercise the renewal option on behalf of the corporation in 1990, shortly before the expiration of the primary term of the lease.
After a bench trial, the trial judge concluded that Kelly McBride, as original lessee, was the only party entitled to exercise the renewal option. He found that the attempt by Hines to exercise the option on behalf of Speedy Tote Service Stores, Inc. was not effective and the lease was terminated. A review of the record and pertinent jurisprudence convinces us that the trial court's decision is correct.
The lease at issue contained the following provision:

*46 Lessee shall have the right to assign or sublease the whole or any part of the demised premises, provided that any assignment or sublease shall be subject to all of the terms and conditions of this lease and that Lessee shall remain primarily liable for the payment of the rent and the performance of the terms and conditions of this lease.
Pursuant to that provision, McBride, as sublessor, executed a sublease in favor of his newly formed corporation, Speedy Tote Service Stores, Inc., as sublessee. The sublease was subject to all of the terms and conditions of the original lease. Under these provisions, Kelly McBride, as original lessee, remains primarily liable, throughout the life of the lease, to the lessor for the payment of rent and the performance of the terms and conditions of the lease.
Louisiana jurisprudence provides that when parties enter into a sublease, a new contract comes into existence which is separate and distinct from the original lease between the owner and the sublessor. There is no privity of contract between the sublessee and the original owner-lessor. Bourgeois, Dupuis, Wright & Cohen v. Hayes, 457 So.2d 231 (La.App. 3d Cir.1984), writ denied, 461 So.2d 315 (La.1984). The sublessee is not considered as an original lessee and may only exercise rights under the original lease through the original lessee. Latter & Blum, Inc. v. A.J. Warehouse, Inc., 487 So.2d 573 (La.App. 4th Cir.1986). Specifically, the right to renew a lease is held by the original lessee and not the sublessee. Terzia v. The Grand Leader, 176 La. 151, 145 So. 363 (1932).
In this appeal, Hines contends that the sublease executed by McBride should be construed as an assignment whereby Speedy Tote Service Stores, Inc., as assignee, would have been granted all of the rights originally granted to McBride, including the right to exercise the renewal option. Alternatively, Hines argues that the principles of equity and equitable estoppel require a reversal of the trial court's decision. These arguments have no merit.
First, the sublease executed by McBride was entitled "SUBLEASE AGREEMENT" and purported to do nothing more than sublease the premises described in the original lease. There is nothing in the document or elsewhere in the record before us evidencing an intent to assign the original lease to Speedy Tote Service Stores, Inc. The act of assigning a lease is different from the act of subleasing; the former conveys greater rights than the latter and different consequences emanate from each. Serio v. Stewart Investments, Inc., 427 So.2d 692 (La.App. 4th Cir.1983), writ denied, 430 So.2d 97 (La. 1983). The document presented herein is a sublease and cannot be viewed as an assignment. Accordingly, Kelly McBride, the original lessee, has the exclusive right to exercise the renewal option.
Second, Hines cannot rely on equity to validate his attempted exercise of the renewal option. While it is true that Hebert accepted rental payments from the corporation for more than a decade, Hebert also knew that he could look to McBride in the event the corporation failed to pay. Renewal of the lease as attempted by Hines would extend by five years McBride's risk of personal liability without his input or acquiescence. Should equity be considered, it must be viewed from the perspective of all interested parties. Finally, we do not believe equitable estoppel is applicable here because Hines has not relied to his detriment on any representation made by Hebert.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.