CRAIN, Judge.
This suit arises out of the asset sale of a business, Central Lumber Company, by plaintiff Mary B. Ford to defendant J & J Pallets, Inc.
The sole issue presented for our review is whether a vendor’s lien in favor of the plaintiff applies to all the assets which were the subject of this sale or merely to the inventory transferred. Concluding that the trial court correctly found that the vendor’s lien applied only to the inventory which was the subject of this transfer, we affirm the summary judgment of the trial court.
The record reflects the following facts:
On April 19, 1989, the plaintiff and defendant confected an act of sale of the business assets of Central Lumber Company. The sale was financed by the defendant purchaser and by defendant Guaranty Bank and Trust Company, with the participation of the United States Small Business Administration. The total purchase price was $721,562.28. At the time of the sale the sum of $675,000 was paid in cash and represented the sum secured from financing provided by the defendant bank.[1] The act of sale specified that the inventory was to be paid for in installments with the sum due, $46,562.28, being payable two-thirds within 60 days of the closing and the balance within 30 days thereafter.
The purchaser defaulted on the payment of the $46,572.28 sum. On December 5, 1990, plaintiff filed suit on the contract and for recognition of the vendor’s line.
The defendant bank answered the petition and sought the dismissal of the suit. The bank alleged that all the assets were paid for at the time of the sale except for the inventory. The bank claimed mortgages on the business assets.
The defendant pallet company answered the petition alleging that the sum in question had been reduced to $43,000 and the vendor’s lien applied to inventory only and not to the chattels nor the real estate. This defendant also filed a reconventional demand and sought damages for certain alleged fraudulent representations.
On August 20, 1991, the defendant Guaranty Bank filed a motion for summary judgment with regard to “the issue of whether plaintiff is entitled to a vendor’s lien and privilege on all property sold to J & J Pallets, Inc.” or “only to the inventory and to no other assets.” In support of its motion, the bank filed the affidavit of the bank’s Senior Vice President, Brigg Baechle, as well as a copy of the act of sale, escrow agreement, closing statement and release of escrow funds. The affidavit and documents show that the sum of $607,549.28 was given to the plaintiff, the balance of the bank loan of $675,000 was used to pay taxes and creditors. Additionally, these documents show that the “only item of property purchased on credit was the inventory.”
On September 25, 1991, a motion for partial summary judgment was filed by the *93 plaintiff with supporting affidavits by the accountant and attorney she had hired to assist Ms. Ford in the negotiation and sale of her business. The motion and supporting documents alleged that the inventory was sold for the sum of $46,562.28, as part of the sale of the business. According to these documents there had been an agreement for a reduction in the purchase price of the inventory. Moreover, the sale of the inventory was not a separate transaction.
On October 4, 1991, the trial court rendered judgment on each of the summary judgment motions. The court granted the bank’s motion and held:
... that any vendor’s lien in favor of Mary B. Ford affects only that inventory which was sold to J & J Pallets, Inc. pursuant to an Act of Sale dated April 19, 1989 and only that inventory which remains in the possession of J & J Pallets, Inc. and for which the price has not been paid.
The court also denied the plaintiffs partial motion for summary judgment.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of LSU, 591 So.2d 342 (La., 1991).
In Chaisson v. Domingue, 372 So.2d 1225 at 1227 (La., 1979), the Louisiana Supreme Court discussed the criteria:
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material facts, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art 966; ... Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted.
[[Image here]]
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. [Citations Deleted]
On appeal, plaintiff alleges that the trial court erred in holding, by way of summary judgment, that she was entitled to vendor’s lien only on the inventory sold. She contends this was error, in that there was one contract for the purchase and sale of assets. In the alternative, she alleges that the applicable provisions are ambiguous and hence summary judgment was improper. We disagree.
In Justice v. Caballero, 393 So.2d 866 at 868 (La.App., 4th Cir., 1981) the court discussed the vendor’s privilege:
Under our law, the sale of a movable on credit entitles the vendor to a privilege on the thing sold to the extent of the unpaid purchase price so long as the movable remains in the vendee’s possession. LSA-C.C. arts. 3217, 3227. The vendor’s privilege on movables exists against the property sold as a substantive right incident to the contract of sale. W.T. Grant Company v. Mitchell, 263 La. 627, 269 So.2d 186 (1972), affirmed, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974)....
In this case the applicable language of the sale contract reads as follows:
1. SALE OF ASSETS. Seller hereby sells, conveys, transfers, assigns and delivers to Buyer and Buyer hereby purchases from Seller the business assets, consisting of both movable and immovable property, previously owned by Central Lumber Co., Inc., now owned by Mary B. Ford, Seller, pursuant to the liquidation of Central Lumber Co., Inc., said assets located at 1267 Chotaw Dr., Baton Rouge, Louisiana and more fully described as follows:
[[Image here]]
2. PURCHASE PRICE AND PAYMENT. As consideration for this sale and transfer of assets set forth above and in reliance by Buyer upon representations, warranties and covenants of Seller' set forth herein, Buyer purchases the assets set forth above for a total purchase price of SEVEN HUNDRED TWENTY-ONE THOUSAND FIVE HUNDRED SIXTY- *94 TWO AND 28/100 ($721,562.28) DOLLARS, ALLOCATED AS FOLLOWS:
Land $250,000.00
Autos/Trucks, Furniture, Fixtures, Machinery and Equipment $250,000.00
Real Estate Buildings $175,000.00
Inventory $ 46,562.28
TOTAL $721,562.28
The purchase price of the inventory shall be payable as follows:
1) Two-thirds (⅜) of the purchase price shall be paid on or before sixty (60) days from the Closing; and
2) The balance of the purchase price shall be paid on or before ninety (90) days from the Closing, ...
It is readily discernable from the contract of sale that the inventory was the only asset transferred on credit.
In Forrey v. Strange, 158 La. 941, 105 So. 21 at 23-24 (1925), the Louisiana Supreme Court addressed a similar issue. The Continental Supply Company sold certain chattels on an open account to Global Oil Company for $40,481.34. The account was reduced to $21,000 by virtue of Global’s payments. In attempting to collect the balance of the account, Continental claimed a vendor’s lien and privilege on all the chattels sold. In denying this claim, the court in Forrey, id. 105 So. at 23-24, stated:
The law allows no vendor’s lien for a general balance upon all the property sold and delivered and charged for in said account. The law is, that the vendor’s lien extends only to the extent of the unpaid price thereof; also, only if the thing still remains in the possession of the purchaser. R.C.C. art. 3227 to 3231.
The case De La Vergne Refrigerating Machine Co. v. New Orleans W.R. Co., 51 La.Ann. 1733, 26 So. 455 (La.,1899) relied upon by defendant, is factually distinguishable from the present. In that case the parties did not make an allocation of purchase price as between the two pieces of equipment sold.
In this case the language of the sale is clear and unambiguous to the effect that the inventory was the only movable not paid for at the time of the transfer. Under the stated jurisprudence the vendor’s lien, in this case, only applies to the inventory only, and the trial court correctly found that the bank was entitled to summary judgment on this issue as a matter of law.
Accordingly, the judgment of the trial court is affirmed at plaintiffs costs.
AFFIRMED.

. The Bank collateralized this loan with mortgages on all the movable and immovable property which was the subject of the sale.